Laura Leigh NAUMANN, et al., Appellants,

v.

WINDSOR GYPSUM, INC., Appellee.

No. 04–87–00018–CV.

Court of Appeals of Texas, San Antonio.

March 23, 1988.

Rehearing Denied April 19, 1988.

Arch B. Haston, David W. Ross, San Antonio, for appellants.

W. Wendell Hall, Fulbright & Jaworski, San Antonio, for appellee.

Before CADENA, C.J., and CANTU and REEVES, JJ.

## OPINION

CADENA, Chief Justice.

Laura and Ronald Naumann, plaintiffs below, appeal from a summary judgment granted in favor of Windsor Gypsum, Inc. (Windsor) and argue that there are genuine issues of material fact as to whether defendant breached its duty of care to Naumann.

On the night of October 18, 1985, a vehicle driven by Laura Naumann collided with an eighteen-wheeled tractor-trailer driven by Silas Marsh, an employee of Builder's Transport, Inc. The tractor-trailer had just been loaded with sheetrock at Windsor's plant near McQueeny, Texas. Marsh left the Windsor plant and turned right on Cypress Ridge Road where he then proceeded north 264 feet to a stop sign at F.M. 78, a two-laned highway running east and west. The accident occurred as Marsh proceeded to make a right turn onto F.M. 78. To effectuate the turn with the tractor-trailer, he was forced to block both the east and west bound lanes of the highway. Laura Naumann, driving west on F.M. 78, struck the tractor-trailer as it was making its turn.

Laura Naumann and her father, Ronald, brought suit against Builder's Transport, Marsh and Windsor Gypsum. Windsor's motion for summary judgment was granted and plaintiffs' cause of action against Windsor was severed from their suit against the remaining defendants.

Naumann's cause of action is based on Windsor's alleged negligence in designing its plant in a manner that forces tractor-trailers exiting its property to block both lanes of F.M. 78 as they enter it from Cypress Ridge Road, thereby creating a hazard to motorists on F.M. 78, and that Windsor was negligent in failing to provide warning devices, adequate lighting or guards to direct traffic at the junction of Cypress Ridge and F.M. 78.

Windsor's motion for summary judgment is based on the fact that the truck being driven by Marsh was owned and operated by Builder's Transport, an independent contractor over which Windsor had no control at the time of the accident. It is also based on the assertion that Windsor had no duty to control the traffic on F.M. 78, a public highway abutting its property.

In determining whether the summary judgment evidence establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of plaintiffs' cause of action, we will take as true evidence favorable to plaintiffs and indulge every reasonable inference and resolve all doubts in their favor. *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589, 593 (Tex.1975).

Windsor's plant is situated on the southeast corner of the junction of Cypress Ridge Road and F.M. 78. Windsor's president, James P. Boone, designed the layout of the plant and the location of the gate on Cypress Ridge. Although there is a gate on F.M. 78, Windsor instructed truck drivers to use the Cypress Ridge gate to leave the plant. Boone stated in his deposition that most of the trucks turning east onto F.M. 78 from Cypress Ridge move out into the westbound lane in order to make the turn. He acknowledged that the turn is "tight" and that there is a problem with the trucks entering F.M. 78 from Cypress Ridge, but stated that wide turns by eighteen-wheelers are made all the time in every part of the United States. Marsh confirmed this and said that it is not unusual for a truck driver to cross over into the oncoming traffic lane when making a right turn onto a two-laned road. Boone did state that a truck entering the highway from the F.M. 78 gate might have been able to go east on the highway without entering the westbound lane. This was because there was some excess right of way at that point between Windsor's property line and the paved portion of the highway.

Boone's summary judgment evidence was that trucks are sent to the Cypress Ridge gate because it is the safest exit. This is due to the stop sign at F.M. 78 and to signs on the highway warning motorists of the railroad tracks crossing the highway just to the west of Cypress Ridge. He also testified that the highway department, at

Windsor's request, had installed a truck warning sign fifty yards east of the northeast corner of Windsor's property. The sign, which had been there on the night of the accident, faces westbound traffic, the direction plaintiff had been traveling prior to the collision. Boone said that the highway department had approved the location of his F.M. 78 gate.

■ The owner or occupier of premises abutting a highway has the duty to exercise reasonable care to avoid endangering the safety of persons using the highway as a means of travel, and is liable for any injury that proximately results from his negligence. *Alamo National Bank v. Kraus*, 616 S.W.2d 908, 910 (Tex.1981); *Atchison v. Texas & P. Ry. Co.*, 143 Tex. 466, 186 S.W.2d 228, 229 (1945). Plaintiffs cite these and several other cases in support of the proposition that Windsor owed Naumann a duty to either design its exit so tractor-trailers could turn right onto F.M. 78 without blocking both traffic lanes or to warn her of the dangerous intersection. All of these cases are distinguishable. All but one involve the negligent release upon the highway of an agency that becomes dangerous by its very nature once upon the highway. The remaining case involves an action against the State and other landowners for negligently allowing tall vegetation to obscure the view of a highway intersection. *See Kraus*, 616 S.W.2d at 910 (wall of building being demolished collapsed onto public street); *Atchison*, 186 S.W.2d at 229 (smoke from grass fire on railroad right-of-way drifted across adjacent highway); *Hamric v. Kansas City Southern Ry.*, 718 S.W.2d 916, 918 (Tex. App.—Beaumont 1986, writ ref'd n.r.e.) (tall stand of grass and weeds allowed to obscure the view of a highway intersection); *Northwest Mall, Inc. v. Lubri–Lon International, Inc.*, 681 S.W.2d 797, 802 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (oil leaking from container in booth onto floor of mall); *Beaumont Iron Works Co. v. Martin*, 190 S.W.2d 491, 495 (Tex.Civ.App.—Beaumont 1945, (ref'd w.o.m.) (windowpane fell from its frame striking a pedestrian on adjacent sidewalk); *Skelly Oil Co. v. Johnston*, 151 S.W.2d 863, 865 (Tex.Civ.App.—Amarillo 1941, writ

ref'd) (water blown from cooling towers created slippery spot on oil-surfaced highway). In *Golden Villa Nursing Home, Inc. v. Smith*, 674 S.W.2d 343 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.), a patient of the nursing home who suffered from a variety of mental disorders and who had been institutionalized for over 30 years was known by the home to have a tendency to wander. One day she wandered out onto the highway adjacent to the home and collided with a motorcyclist. The court held that the patient constituted a clear and present danger to travelers who would swerve or otherwise attempt to avoid hitting her if she was on the highway. *Id.*, at 350. The court said that the nursing home breached its duty to the motorcyclist to exercise reasonable care not to endanger her safety while she used the highway. *Id.* Although the dangerous condition in *Smith* was not caused by the escape onto the highway of an inanimate object such as smoke, water or a falling wall, the patient in that case was known by the home to be unable to provide for her own safety and to constitute a danger to motorists if she should enter the highway.

■ In this case, Windsor did not discharge onto F.M. 78 an inanimate, incognizant or inherently dangerous entity. Rather, an independent contractor, hired by Windsor to deliver its sheetrock, left Windsor's property and was involved in an accident on the highway adjacent to Windsor's plant. Builder's Transport, Marsh's employer, was an independent contractor often hired by Windsor for such jobs in the past, and Marsh had been Builder's Transport's driver on several of these occasions. It is also uncontroverted that once Marsh left Windsor's property, Windsor had no control over him. Generally, a landowner does not have a duty to see that his independent contractor performs his work in a safe manner. *Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex.1985). Nor is a person bound to anticipate negligent or unlawful conduct on the part of another. *DeWinne v. Allen*, 154 Tex. 316, 277 S.W.2d 95, 98 (1955).

■ We must conclude that a landowner's duty to exercise reasonable care not to endanger the safety of persons on an

abutting highway does not create an obligation to guard passing motorists against the possible negligence of an independent contractor over whom the landowner exercises no control and whose competence to perform his duties the landowner has no reason to doubt.

Plaintiffs argue that because Windsor designed the layout of its plant, instructed truck drivers which exit to use and knew that they blocked both lanes of traffic when entering F.M. 78, it had a duty to make use of the alternative means of exit from its property or to warn highway users of the dangerous exit. We do not agree. Although Windsor knew of the propensity of truck drivers to block both lanes when turning east on F.M. 78, it had every right to expect them to exercise due care and to enter the highway safely. An owner or occupier of property is not an insurer of the safety of travelers on an adjacent highway and is not required to provide against the acts of third persons. *Albright v. McElroy*, 207 Kan. 233, 484 P.2d 1010, 1019 (1971); *Safeway Stores, Inc. v. Musfelt*, 349 P.2d 756, 758 (Okla.1960).

The dangerous situation here was not created by Windsor. It is not responsible for the narrowness of either F.M. 78 or Cypress Ridge Road or for the length of Builder's Transport's tractor-trailer. The same dangerous situation exists every time a tractor-trailer makes a right turn at an intersection of two-laned roads. A mere bystander who did not create the dangerous situation is not required to take action to and prevent injury to others. *Abalos v. Oil Development Co. of Texas*, 544 S.W.2d 627, 633 (Tex.1976); *Buchanan v. Rose*, 138 Tex. 390, 159 S.W.2d 109, 110 (1942).

Because the summary judgment evidence establishes as a matter of law that there is no genuine issue of fact as to the existence of a duty owed by Windsor to plaintiffs, we affirm the judgment of the trial court. *See Otis Engineering Corp. v. Clark*, 668 S.W. 2d 307, 309 (Tex.1983).