William DIXON and Nancy Dixon, Individually and as Representatives of the Estate of Ricky Lee Dixon, and Lisa Dixon, Individually and as Next Friend to the Minor, Sarah Dixon, Appellants,

v.

HOUSTON RACEWAY PARK, INC., the Houston Region of the Sports Car Club of America, Inc., Lynda Polk, and Sports Car Club of America, Inc., Appellees.

No. 01–93–00497–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 31, 1994.

Vincent A. Lannie, John R. Thomas, Baytown, for appellants.

Gene F. Creely, II, Houston, for appellees.

Before ANDELL, DUGGAN and MIRABAL, JJ.

## OPINION

ANDELL, Justice.

This is an appeal from a summary judgment entered in favor of appellees, Houston Raceway Park, Inc., the Houston Region of the Sports Car Club of America, Inc., Lynda Polk, and Sports Car Club of America, Inc. (collectively, "the Raceway"). The paramount issue is whether the Raceway owed appellants a duty to control the traffic on a public highway adjacent to its property.

### BACKGROUND

The Raceway is located on FM 565 in Chambers County. On June 17, 1989, the Raceway was the site of a private road race event. Ricky Lee Dixon was riding a motorcycle on FM 565 when he collided with a vehicle driven by Peter Lee Johnson. At the time of the accident, Peter Lee Johnson was

attempting to turn left off of FM 565 into the Raceway premises. Ricky Lee Dixon was killed as a result of this accident, and appellants bring this suit as his wrongful death beneficiaries.[1]

In their third amended petition, appellants claim the Raceway was negligent 1) in failing to maintain sufficient personnel to properly direct traffic at the scene of the accident; 2) in failing to maintain sufficient traffic control devices or signs to properly direct traffic at the scene of the accident; and 3) in failing to warn Ricky Lee Dixon and Peter Lee Johnson of the dangers and harm to which they were exposed in the vicinity of the scene of the accident. The Raceway filed a motion for summary judgment, which was granted by the trial court, claiming that it was under no duty to control traffic on a public highway. In three related points of error, appellants contend the trial court erred by granting the Raceway's motion for summary judgment.

## THE STANDARD OF REVIEW

■ We begin by noting that the transcript contains no response by appellants to the Raceway's motion for summary judgment and summary judgment proof. It is appellants' responsibility to bring forward a transcript reflecting error. TEX.R.APP.P. 50(d). If a nonmovant fails to file a response, the only issue it may raise on appeal is that the movant has failed to carry its burden of proof. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The only defect that a nonmovant may raise for the first time on appeal is the legal insufficiency of the summary judgment proof to support the specific grounds state in the motion. *Duckett v. Board of Trustees, City of Houston Firemen's Relief & Retirement Fund*, 832 S.W.2d 438, 440 (Tex.App.—Houston [1st Dist.] 1992, writ denied). However, even when the nonmovant fails to file a response, the movant must still establish its "entitlement to summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter

of law." *Clear Creek Basin Auth.*, 589 S.W.2d at 678. In order to prevail on its summary judgment, the movant must "establish as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the nonmovant's cause of action." *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). Once the movant has produced competent evidence to negate a necessary element of the nonmovant's cause of action, the burden shifts to the nonmovant to introduce evidence that raises a fact issue with respect to the element negated by the movant's summary judgment evidence. *Goldberg v. United States Shoe Corp.*, 775 S.W.2d 751, 752 (Tex.App.—Houston [1st Dist.] 1989, writ denied).

## DUTY OF THE RACEWAY

■ Appellants have plead that they are entitled to recover from the Raceway because of the Raceway's alleged negligence. The three elements of actionable negligence are: 1) a legal duty owed by one person to another; 2) a breach of that duty; and 3) damage proximately resulting from such breach. *Cameron County v. Velasquez*, 668 S.W.2d 776, 779 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). The Raceway's motion for summary judgment is based on the assertion that it owed no legal duty to Ricky Lee Dixon, thus defeating one element of appellants' cause of action.

■ The duty of a premises owner or occupier to provide protection arises from control of the premises; the duty does not extend beyond the limits of the premises owner's control. *Grapotte v. Adams*, 130 Tex. 587, 111 S.W.2d 690, 691 (1938); *La Fleur v. Astrodome–Stadium Corp.*, 751 S.W.2d 563, 565 (Tex.App.—Houston [1st Dist.] 1988, no writ). An owner or occupier of property is not an insurer of the safety of travelers on an adjacent highway and is not required to provide against the acts of third persons. *Naumann v. Windsor Gypsom, Inc.*, 749 S.W.2d 189, 191 (Tex.App.—San

---

1. Peter Lee Johnson was also sued by appellants as a result of this accident. However, after the Raceway's motion for summary judgment was granted, appellants' claims against Peter Lee Johnson were severed from the claims against the Raceway. The Raceway's summary judgment became final at the time this severance occurred.

Antonio 1988, writ denied). The Raceway contends that it owed no duty to Ricky Lee Dixon because the accident did not occur on its premises. In support of this claim, the Raceway presented the affidavits of Mr. Greg Angel, president of Houston Raceway, Inc., and Ms. Lynda Polk, a member of the board of directors of the Sports Car Club of America, Inc. Both Mr. Angel and Ms. Polk swore in their affidavits that the accident made the basis of this lawsuit occurred off the Raceway premises. Ms. Polk also stated that the accident occurred on the FM road outside of the Raceway.

■ As stated earlier, appellants introduced no evidence to counter the Raceway's summary judgment proof. Therefore, we must conclude that the accident occurred on FM 565, and off the Raceway premises, despite appellants' contention that there is a question of material fact on this issue.[2] Because the accident occurred on a public road outside the control of the Raceway, the Raceway owed no legal duty to Ricky Lee Dixon.

We are aware of a line of cases that provide that an owner or occupier of premises abutting a highway has a duty to exercise reasonable care to avoid endangering the safety of persons using the highway as a means of travel, and is liable for any injury that proximately results from his negligence. *Alamo Nat'l Bank v. Kraus*, 616 S.W.2d 908, 910 (Tex.1981); *Naumann*, 749 S.W.2d at 191. However, such a duty has been limited to cases where an owner negligently releases upon the highway "an agency that becomes dangerous by its very nature once upon the highway." *Naumann*, 749 S.W.2d at 191; *see Kraus*, 616 S.W.2d at 910 (wall of building being demolished falls onto city street); *Atchison v. Texas Pac. Ry.*, 143 Tex. 466, 186 S.W.2d 228, 229 (1945) (smoke from grass fire drifts across adjacent road); *Beaumont Iron Works Co. v. Martin*, 190 S.W.2d 491, 495 (Tex.Civ.App.—Beaumont 1945, writ ref'd w.o.m.) (windowpane falls from building onto adjacent sidewalk); *Golden Villa Nursing Home, Inc. v. Smith*, 674 S.W.2d 343, 350

(Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (nursing home patient with known tendency to wander onto highway darts onto highway and knocks down motorcyclist). There has been no allegation or summary judgment proof presented to indicate that the Raceway released a dangerous agency onto the highway. Therefore, the Raceway owed no duty to Ricky Lee Dixon under this line of cases, either.

Appellants also contend that, even if we decide that the accident occurred off the Raceway premises, we can still find that the Raceway undertook a duty to provide traffic control at the scene of the accident, because it had done so on previous occasions. Again, appellants have introduced no evidence to show that the Raceway undertook any duty to provide traffic control, although the Raceway admits in its brief that it had on some previous occasions contacted the local law enforcement agencies and informed them about certain upcoming events, and that the law enforcement agencies had, at their own discretion, provided traffic assistance.

■ Appellants have cited no authority to support their contention that the Raceway was under a duty to contact the local law enforcement authorities on this occasion simply because they had done so on previous occasions. We are unwilling to hold that the Raceway was under a legal duty to contact the local law enforcement authorities whenever an event, regardless of size, was held at the Raceway, simply because the Raceway had felt it prudent to do so on occasion in the past.

### CONCLUSION

The uncontroverted summary judgment evidence establishes that Ricky Lee Dixon's accident occurred on FM 565, and not on the Raceway premises. Because the Raceway did not control the premises where the accident occurred, and did not release any dangerous agency onto the highway, we hold

---

2. Further, we note that in their third amended original petition appellants alleged: "On or about June 17, 1989, RICKY DEE (sic) DIXON was riding a motorcycle on Farm Market Road 565 in Chambers County, Texas, when he was

involved in a collision with a vehicle ... when the Defendant PETER LEE JOHNSON failed to yield the right-of-way and pulled in front of the motorcycle driven by RICKY DEE (sic) DIXON."

that it owed no legal duty to Ricky Lee Dixon. Because the Raceway has defeated an essential element of appellants' cause of action, i.e., the existence of a legal duty, it has proved that it is entitled to judgment as a matter of law.

Appellants' three related points of error are overruled.

The judgment of the trial court is affirmed.