Henry GONZALES; Joann Moya; Rosanne Gonzales; Victor Martinez; William R. Morris, individually and as next friend of James Morris; Josie Morris; and Virginia Morris, individually and as next friend of Lauren Morris, Appellants,

v.

TRINITY INDUSTRIES, INC., Appellee.

No. 01–99–00301–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 9, 1999.

David W. Showalter, Bellaire, Tracy J. Willi, Houston, for appellants.

Kenneth Paul Kosut, Daniel J. Kasprzak, Houston, for appellee.

Panel consists of Justices O'CONNOR, WILSON, and ANDELL.

## OPINION

DAVIE L. WILSON, Justice.

The appellants, plaintiffs in the wrongful death action below, appeal a summary judgment in favor of the appellee, Trinity Industries, Inc. ("Trinity").[1] We affirm.

### FACTS

This case arises from an automobile accident that occurred March 30, 1996, at the intersection of Yale and Center Streets in Houston. Nelson J. Carasco, was traveling east on Center Street when he struck the vehicle driven by Ralph R. Rivera, who was driving southbound on Yale Street. Olga Gonzales, a passenger in Rivera's car, died from her injuries. James Morris, another passenger in Rivera's car, sustained incapacitating injuries. According to the police report, both drivers claimed they entered the intersection on a green light. Neither driver was insured.

Trinity owns property adjacent to the northwest corner of the intersection. A chain link fence surrounds the property. The fence sits wholly on Trinity's property, but at the time of the accident, it extended to the corner of that property. It had strips woven into it, which prevented people from seeing through the fence.

---

1. The appellants are: Henry Gonzales, Joann Moya, Rosanne Gonzales, Victor Martinez (relatives of the decedent, Olga Gonzales); James Morris (the injured passenger); William R. Morris, Josie Morris, Virginia Morris, and Lauren Morris (relatives of James Morris); and Ralph Rivera (third-party defendant, counter-complainant, and driver of the vehicle in which Gonzales and Morris were riding).

## PROCEDURAL BACKGROUND

The appellants sued Trinity, alleging that its fence obstructed the views of both drivers and was the proximate cause of the accident.[2] Trinity moved for summary judgment on the ground that the appellants' negligence claim lacked the essential element of duty. Trinity asserted, "The [appellants] have not pled a violation of statute, nor have they pled negligence per se; their claim against Trinity arises under the common law." The appellants then filed a sixth amended original petition, alleging that Trinity breached its duty in part by "failing to obtain a permit to construct a fence on, within or near a city right-of-way in violation of city ordinances pertaining thereto."[3] Trinity next filed special exceptions to the sixth amended petition requesting the court to order the appellants to specify the ordinances on which they were relying. The court granted Trinity's request and ordered the appellants to plead with specificity before 5:00 p.m. on December 11, 1998.

On December 16, 1998, because the appellants had not complied with the court's order to plead with specificity, Trinity moved the court to strike the paragraph in the sixth amended petition alleging an ordinance violation. On December 23, 1998, the court granted Trinity's motion for summary judgment.[4] On January 26, 1999, the court granted Trinity's motion to strike the paragraph from the sixth amended petition.

On January 22, 1999, the appellants had filed a seventh amended petition. They realleged common-law negligence. They also alleged Trinity had breached its duty,

In failing to obtain a permit to construct a fence on, within or near a city right-of-

way in violation of city ordinances pertaining thereto, and specifically violating ordinance section 33–101, which creates a visibility triangle and prohibits visual or physical impediments or obstructions to the vertical view between thirty (30) inches and seven (7) feet in height, and section 28–8 prohibiting fencing along sidewalks next to the street.

Trinity moved to strike from the seventh amended petition all of the paragraphs alleging its negligence. In essence, Trinity argued (1) that the court, in its order rendering summary judgment, had already ruled on the common-law negligence claims and (2) that the appellants' violation of the court's order requiring them to plead with specificity precluded the appellants from now amending its pleadings. The court granted Trinity's motion to strike on February 25, 1999.

## WHETHER TRINITY HAD A COMMON–LAW OR STATUTORY DUTY

In issue one, the appellants challenge the trial court's summary judgment in favor of Trinity. Trinity based its motion for summary judgement solely on its argument that it owed no duty to the appellants.

Under Texas Rule of Civil Procedure 166a(c), a party moving for summary judgment has the burden of proving there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985); *Mayer v. State Farm Mut. Auto. Ins. Co.,* 870 S.W.2d 623, 624 (Tex.App.—Houston [1st

2. The appellants also sued the manufacturers and distributors of the traffic control signal and the City of Houston. The trial court severed the causes of action against Trinity.

3. Appellant Rivera was not included as a plaintiff in the sixth or the seventh petitions. As indicated in note 1, *supra,* Rivera was a third-party defendant and counter-complain-

ant. The trial court included Rivera in the order rendering summary judgment.

4. On February 23, 1999, the court signed an agreed order severing the causes of action against Trinity, thus transforming the December 23, 1998 summary judgment into a final judgment. The appellants filed their notice of appeal March 18, 1999.

Dist.] 1994, no writ).[5] A defendant is entitled to summary judgment on the plaintiffs' cause of action if the evidence disproves as a matter of law at least one element of the plaintiff's claim. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991); *White v. Wah*, 789 S.W.2d 312, 315 (Tex.App.—Houston [1st Dist.] 1990, no writ). In deciding whether there is a disputed material fact issue precluding summary judgment, we accept the evidence that favors the nonmovant as true and indulge all reasonable inferences and resolve all doubts in favor of the nonmovant. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995).

The three elements of negligence are: (1) a legal duty owed by one person to another; (2) a breach of that duty; and (3) damage proximately resulting from the breach. *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex.1990); *Dixon v. Houston Raceway Park, Inc.*, 874 S.W.2d 760, 762 (Tex.App.—Houston [1st Dist.] 1994, no writ). Trinity based it motion for summary judgment on the ground that it owed no legal duty to the appellants.

The existence of a duty is a question of law for the court to decide from the facts surrounding the occurrence in question. *Walker v. Harris*, 924 S.W.2d 375, 377 (Tex.1996); *Osti v. Saylors*, 991 S.W.2d 322, 326 (Tex.App.—Houston [1st Dist.] 1999, pet. filed). The appellants contend Trinity owed them a common-law duty as the owner of property abutting a highway. They also contend Trinity owed them a duty under Houston city ordinance 91–1701.

### Common–Law Duty

Owners or occupiers of premises abutting a highway have a duty to exercise reasonable care to avoid endangering the safety of persons using the highway for travel and are liable for any injury proximately resulting from their negligence. *Alamo Nat'l Bank v. Kraus*, 616 S.W.2d 908, 910 (Tex.1981). This Court has opined that the rule is "limited to cases where an owner negligently releases upon the highway 'an agency that becomes dangerous by its very nature once upon the highway.'" *Dixon*, 874 S.W.2d at 763.[6] *See, e.g., Alamo Nat'l Bank*, 616 S.W.2d at 910 (wall of building being demolished falls onto city street); *Atchison v. Texas & Pac. Ry.*, 143 Tex. 466, 186 S.W.2d 228, 229 (1945) (smoke from grass fire drifts across adjacent road); *Skelly Oil Co. v. Johnston*, 151 S.W.2d 863, 865 (Tex.Civ.App.—Amarillo 1941, writ ref'd) (water blows from cooling towers onto highway); *Golden Villa Nursing Home, Inc. v. Smith*, 674 S.W.2d 343, 350 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (nursing home patient with known tendency to wander onto highway darts onto highway and knocks down motorcyclist); *Beaumont Iron Works Co. v. Martin*, 190 S.W.2d 491, 495 (Tex.Civ.App.—Beaumont 1945, writ ref'd w.o.m.) (windowpane falls from building onto adjacent sidewalk).

In *Hamric v. Kansas City Southern Railway*, however, the Beaumont Court of Appeals held that the rule of *Alamo Bank* governed a situation in which private landowners permitted tall grass and weeds to grow on property abutting the intersection where an accident occurred. 718 S.W.2d 916, 917–18 (Tex.App.—Beaumont 1986,

---

**5.** Trinity did not cite the subsection of section 166a on which it was relying. At oral argument, counsel for the appellants characterized the motion as a "traditional" motion for summary judgment.

**6.** Dixon's motorcycle collided with a vehicle, the driver of which was attempting to turn into the raceway premises. The *Dixon* plaintiffs alleged that the raceway was negligent:

(1) in not maintaining sufficient personnel to direct traffic properly at the accident scene; (2) in not maintaining sufficient traffic control devices or signs to direct traffic properly at the scene; and (3) in not warning the drivers of the dangers in the vicinity of the accident. *Dixon v. Houston Raceway Park, Inc.*, 874 S.W.2d 760, 762 (Tex.App.—Houston [1st Dist.] 1994, no writ).

writ ref'd n.r.e.). The *Hamric* court saw no difference between obstruction of vision caused by smoke drifting over a highway and obstruction of vision caused by tall grass and weeds. *Id.* at 918.

The appellants contend *Hamric* presents "very similar facts" to those in the present case. We do not agree.

■ The intersection in *Hamric* was controlled by a stop sign, but the intersection in the present case was controlled by signal lights. Appellants do not contend the fence obstructed the drivers' views of the signal lights, only the drivers' views of the cross-traffic. The law does not require a person to anticipate negligent or unlawful conduct on the part of another. *DeWinne v. Allen,* 154 Tex. 316, 277 S.W.2d 95, 98 (1955); *Lawson v. B Four Corp.,* 888 S.W.2d 31, 35 (Tex.App.—Houston [1st Dist.] 1994, writ denied). We decline to extend *Hamric* to the present situation.

■ In deciding whether to impose a duty, a court is to consider the risk, foreseeability, and likelihood of an injury weighed against the social utility of the actor's conduct, magnitude of the burden of guarding against injury, and consequences of placing that burden on the actor. *Greater Houston Transp. Co. v. Phillips,* 801 S.W.2d 523, 525 (Tex.1990). Application of this balancing test leads us to hold Trinity had no common-law duty under the facts presented here.

■ Of the factors the court is to consider, foreseeability is the foremost and dominant consideration. *Id.* The test for foreseeability is "what one should under the circumstances reasonably anticipate as consequences of his conduct." *McCullough v. Amstar Corp.,* 833 S.W.2d 312, 315 (Tex.App.—Amarillo 1992, no writ) (quoting *City of Dallas v. Maxwell,* 248 S.W. 667, 670 (Tex. Comm'n App.1923, holding approved)). As previously stated, there is no legal requirement that a person anticipate negligent or unlawful conduct on the part of another. *DeWinne,* 277 S.W.2d at 98; *Lawson,* 888 S.W.2d at 35.

A decision of the San Antonio Court of Appeals is instructive. In *Fetty v. Miller,* the court held that a private property owner owed no common-law duty to a passing motorist for a visual obstruction created by a vehicle parked on his property. 905 S.W.2d 296, 302 (Tex.App.—San Antonio 1995, writ denied). No one had complained during the nine years the owner had lived on the property and parked his employer's vehicle in front of the house on a regular basis. *Id.* The owner also stated he was not aware of any accident at the intersection and had no reason to anticipate one. *Id.* Having concluded the owner could not reasonably foresee that his vehicle would create a hazardous condition, the court did not consider the other balancing test factors.

In the present case, Trinity Structural Division vice president James Randall Foil stated that, during the period from March 1987 until October 1998, he had received no complaints regarding the fence. More specifically he stated he had received no complaints that the fence obscured or blocked the view of any driver, thereby causing an automobile accident. Based on his review of Trinity's business records, he stated there had been no claim against Trinity by any lawful or unlawful users of Center Street or Yale Street, either before or after Trinity acquired the property and the fence in 1973.

We acknowledge that, in response to Trinity's motion for summary judgment, the appellants produced statistical and opinion evidence indicating (1) several accidents had occurred between cars traveling in the same directions at the same intersection where the accident in question occurred and (2) a higher than average rate of accidents had occurred for the particular quadrant involved. What is missing is any indication that obstruction of the drivers' vision was actually a factor in these accidents.

We also acknowledge that appellants produced opinion evidence indicating that,

if there were nothing stored in the area behind the fence, visibility could have been restored by removing the opaque slats without removing the fence. In their motion for a new trial, the appellants introduced additional evidence relating to the feasibility of modifying the fence: postaccident photographs showing the corner of the fence removed.[7] We nevertheless decline to place a burden at common-law on landowners to assess whether there is sufficient visibility at intersections adjacent to their property and to remove previously existing structures, particularly when the intersection is regulated by a signal light.

We hold Trinity owed no common-law duty under the circumstances presented by this case.

### Negligence Per Se

The appellants also contend that Trinity owed them a duty as "illustrated" by a Houston ordinance relating to trees, shrubs, and screening fences. The unexcused violation of an ordinance constitutes negligence as a matter of law if such ordinance was designed to prevent injury to the class of persons to which the injured party belongs. *El Chico Corp. v. Poole,* 732 S.W.2d 306, 312 (Tex.1987); *Nixon,* 690 S.W.2d at 549. Generally, the threshold question in negligence per se cases is whether the plaintiff belongs to the class that the statute or ordinance was intended to protect and whether the injury was of a type the statute or ordinance was intended to prevent. *Osti,* 991 S.W.2d at 327.

The real issue before this court, however, is whether the ordinance is intended to cover Trinity's previously constructed fence. *See Holder v. Mellon Mort. Co.,* 954 S.W.2d 786, 792 (Tex.App.—Houston [14th Dist.] 1997) (real issue is whether ordinance is intended to cover defendant's property), *rev'd on other grounds,* 5

S.W.3d 654, 42 Tex. S.Ct. J. 1159, (1999) (plurality). We conclude it does not.

The ordinance to which the appellants refer this Court provides:

> The requirements of this article shall only apply to a building site where any of the following conditions is present:
>
> (i) there is new construction of a nonresidential or multi-family residential building for which a building permit is required;
>
> (ii) there is an enlargement exceeding 1,000 square feet in an area of the exterior dimensions of an existing nonresidential or multi-family residential building for which a building permit is required; or
>
> (iii) there is either a new parking lot for which site plans are required for initial construction under the provisions of chapter 26 of this Code or an existing parking lot which is expanded in area to provide additional parking spaces.

Houston, Tex., Ordinance 91–1701, § 33–102(a) (Dec. 4, 1991, since amended).

According to Foil, Trinity acquired the property and the fence in 1973. The appellants provide no evidence of construction after 1991 that would bring Trinity's property under the provisions of the ordinance. We conclude the appellants cannot base a claim of negligence per se on the Houston ordinance they cite.

We overrule appellant's issue one.

### STRIKING OF THE SEVENTH AMENDED PETITION

In issue two, the appellants contend the trial court erred in striking their seventh amended petition, in which they ultimately specified the ordinances they allege Trinity violated. Having reached the conclusion appellants cannot base a claim of negligence per se on Houston city ordinance

---

**7.** Although evidence of subsequent remedial measure is not admissible to prove negligence or culpable conduct in connection with an accident, it is admissible to prove feasibility of precautionary measures. TEX.R. EVID. 407(a).

91–1701—the only ordinance they cite in this Court—we conclude issue two is moot.

We overrule appellant's issue two.

We affirm the judgment.