In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00101-CV

                                                ______________________________

 

 

             JULIE HYDE AND CHRIS ROSS, INDIVIDUALLY
AND AS

REPRESENTATIVES OF THE
ESTATE OF

BRANDI CHRISTINA ROSS,
Appellants

 

                                                                V.

 

RYAN C. HOERAUF,
INDIVIDUALLY, RYAN C. HOERAUF, INC.,

AND THE O’RYAN FAMILY
LIMITED PARTNERSHIP, RYAN

PROPERTIES, INC., AS
GENERAL PARTNER, BY RYAN C.

HOERAUF, PRESIDENT, O’RYAN
OIL AND GAS,

AND RYAN PROPERTIES, INC.,
Appellees

 

 

                                                                                                  


 

 

                                       On Appeal from the 173rd
Judicial District Court

                                                         Henderson
County, Texas

                                                        Trial Court
No. 2008-A-875

 

                                                                                                  


 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                    Opinion by Chief Justice Morriss








                                                                   O P I N I O N

 

            Driving
home from a “pasture party” at which she had consumed alcohol,
seventeen-year-old Brandi Christina Ross was tragically killed in an automobile
accident.  The party had been held,
without permission, in Henderson County,[1] on a
fifty-six-acre tract of land owned by Ryan C. Hoerauf.

            Following
Brandi’s death, Julie Hyde and Chris Ross, individually and as representatives
of the estate of Brandi, collectively referred to herein as Hyde, filed a
wrongful death and survival action asserting negligence and gross negligence
against multiple parties,[2]
including Hoerauf and various entities to which Hoerauf had connections,
collectively referred to herein as Hoerauf. 
Hoerauf filed a motion for summary judgment, to which Hyde replied.  From a summary judgment granted in favor of
Hoerauf, Hyde appeals.

            We
must determine whether an absent landowner owes a duty to a trespasser who is
injured or killed after leaving the landowner’s land.  Because Hoerauf owed no legal duty with
respect to the off-premises accident, we affirm the summary judgment of the
trial court.

            While
Hoerauf owned the property where the pasture party had taken place, no one at
the party was associated with Hoerauf or any related entity.  It is undisputed that the attendees of the
party—students and former students of Kemp High School—were drinking alcohol.  The only “adults” at the party were in their
early twenties, all former Kemp High School students.  Previous pasture parties had taken place at
different locations on Hoerauf’s property during the summer months.  None of the partygoers had permission to be
on the property, described as being “out in the middle of nowhere.”[3]
 Party attendees cut the fence to the
Hoerauf property on at least two different occasions in order to gain access to
the property. 

            Hoerauf
was aware, before the party that immediately preceded Brandi’s death, that his
fence had been cut on two occasions and that there were tire tracks, empty beer
containers, and remnants of bonfires on his property.  Hoerauf was not aware that the trespassers
were teenagers.  After having twice
repaired the cut fence, Hoerauf began construction of heavy duty fencing for
the entire fifty-five acres.[4]  In the midst of this re-fencing process,[5]
the fateful party took place.  At the
time, Hoerauf, who lives in Odessa, was not aware that his land was being used
for an unauthorized gathering.  Neither
Hoerauf nor his property manager, Wes Hart, contacted the Henderson County Sheriff’s
Office to advise of a trespassing problem. 
No signs were posted to advise trespassers to keep off of the
property.  

Summary Judgment Standard of Review

            We review de novo the grant of a
traditional motion for summary judgment. 
Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005).  To prevail on a motion for summary judgment, the
movant must conclusively establish the absence of any genuine question of
material fact and that judgment is available as a matter of law.  Tex. R.
Civ. P. 166a(c); Browning v. Prostok, 165 S.W.3d 336, 344 (Tex.
2005).  A movant must either prove all
essential elements of his or her claim, MMP, Ltd. v. Jones, 710 S.W.2d 59 (Tex. 1986), or
negate at least one essential element of the nonmovant’s cause of action.  Shah v. Moss, 67 S.W.3d 836, 842 (Tex. 2001).  In reviewing a summary judgment, we take as
true all evidence favorable to the nonmovant, indulge every reasonable
inference in favor of the nonmovant, and resolve any doubts in the nonmovant’s
favor.  Sudan v. Sudan, 199 S.W.3d 291, 292 (Tex.
2006).  

            When,
as here, a summary judgment does not specify the grounds on which it was
granted, the appealing party must demonstrate that none of the movant’s
proposed grounds for summary judgment is sufficient to support the
judgment.  See Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995); Strather v. Dolgencorp of Tex., Inc., 96
S.W.3d 420, 422 (Tex. App.—Texarkana 2002, no pet.).  Conversely, we will affirm the judgment if
any one of the theories advanced in the motion for summary judgment and
preserved for appellate review is meritorious. 
Joe v. Two Thirty Nine Joint Venture, 145 S.W.3d 150, 157 (Tex. 2004).

The Summary Judgment

            The motion for summary judgment
attacked Hyde’s cause of action for negligence and gross negligence for (1)
condoning or allowing alcohol to be provided to, and consumed by, minors on the
property, (2) “liability of a ‘pasture party,’” (3) “allowing or contributing
to minors driving from the party after consuming alcohol,” (4) “providing
alcohol to minors,” (5) “providing control and oversight of an unrestricted
access to the property,” and (6) ”creating an unsafe or attractive
nuisance.”[6]  The allegations of negligence and gross
negligence were grounded in premises liability.[7]  Hoerauf maintained that Brandi and others
attending the pasture party on his property were trespassers; he contended that
Hyde’s premises liability claims were conclusively negated by demonstrating
that he did not violate the duty owed a trespasser—not to cause injury to such
a person through willful, wanton, or grossly negligent conduct.

            In
response to Hoerauf’s motion, Hyde claimed that material fact questions existed
because Hoerauf was on notice of the activities on his property, as evidenced
by cut fences, tire tracks, remnants of bonfires, and beer cans and bottles
strewn about.  In essence, Hyde claimed
Hoerauf was on sufficient notice that pasture parties were taking place on his
property such that Hoerauf should have foreseen the risk of harm or injury based
on alcohol consumption by minors at such parties.[8]  Hyde claims that the evidence presented
material fact issues with respect to whether Hoerauf was willful, grossly
negligent, or negligent in failing to take effective measures to ensure that
such illicit gatherings were stopped.  It
is apparent that this was the only issue before the trial court on motion for
summary judgment.[9]


No Duty Was Owed in Off
-Premises Accident

            It
is fundamental that the existence of a legally cognizable duty is a
prerequisite to all tort liability.  Graff
v. Beard, 858 S.W.2d 918,
919 (Tex. 1993).  As in any other tort
action, “a defendant in a premises case is liable only to the extent it owes
the plaintiff a legal duty.”  Gen. Elec. Co. v. Moritz, 257 S.W.3d
211, 217 (Tex. 2008).  The existence of
duty is a question of law for the court to decide from the facts surrounding
the occurrence in question.  Greater
Houston Transp. Co. v. Phillips,
801 S.W.2d 523, 525 (Tex. 1990); Moritz,
257 S.W.3d at 217.  If no duty exists,
then no legal liability for a premises liability claim can arise.  Dukes v.
Philip Johnson/Alan Ritchie Architects, P.C., 252 S.W.3d 586, 592 (Tex.
App.—Fort Worth 2008, pet. denied); Strunk v. Belt Line Rd. Realty Co., 225 S.W.3d 91, 99 (Tex. App.—El
Paso 2005, no pet.).

            Brandi
and the other partygoers were trespassers[10] on
Hoerauf’s property.  The only duty a
premises owner or occupier owes to a trespasser is not to cause injury
willfully, wantonly, or through gross negligence.[11]  Tex. Utils. Elec. Co. v. Timmons, 947 S.W.2d 191, 193 (Tex.
1997).  The issue of whether Hoerauf was
grossly negligent presumes the injury in question occurred on Hoerauf’s
property.  Because Brandi was not injured
by an unreasonably dangerous condition on Hoerauf’s property, there is no
evidence of actionable gross negligence.

            A
legal duty owed a trespasser on another’s property arises from the ownership or
control of property on which the trespasser is harmed.  See
City of Denton v. Page, 701 S.W.2d 831, 835 (Tex. 1986) (possession and
control generally must be shown as prerequisite to liability); Hirabayashi v. N. Main Bar-B-Q, Inc.,
977 S.W.2d 704 (Tex. App.—Fort Worth 1998, pet. denied); Tex. Jur. 3d Premises Liability § 12 (2008) (duty of premises owner arises from
control of the premises).  If a
trespasser comes to no harm on the property on which he or she is trespassing,
but is harmed off-premises, a duty does not exist under a premises liability
theory of recovery.  Thus, a claim of
premises liability presumes that injury occurred on property owned by the
defendant.  “[T]o prevail on a premises
liability claim a plaintiff must prove that the defendant possessed--that is,
owned, occupied, or controlled--the premises where injury occurred.”  Wilson
v. Tex. Parks & Wildlife Dep’t,
8 S.W.3d 634, 635 (Tex. 1999) (per curiam) (emphasis added); Strunk, 225 S.W.3d at 98 (before duty
can be imposed, plaintiff must prove injury occurred on premises owned or
occupied by defendant).  To recover on a
premises defect theory, a person must have been injured by a condition on the
property.[12]  See
Keetch v. Kroger Co., 845 S.W.2d 262, 264 (Tex. 1992); Am. Indus. Life Ins. Co. v. Ruvalcaba, 64 S.W.3d 126 (Tex.
App.—Houston [14th Dist.] 2001, pet. denied). 
A plaintiff must establish that the defendant had control over and
responsibility for the premises before a duty can be imposed on the
defendant.  See County of Cameron v.
Brown, 80 S.W.3d 549, 556
(Tex. 2002); Dukes, 252 S.W.3d at 592;
Hirabayashi, 977 S.W.2d at 706 (no
duty to provide patron with safe access to vacant parking lot across street
abutting defendant’s premises).  The
control must relate to the condition or activity that caused the injury.  See Clayton W. Williams, Jr., Inc. v.
Olivo, 952 S.W.2d 523, 528
(Tex. 1997); Mayer v. Willowbrook Plaza
Ltd. P’ship, 278 S.W.3d 901, 909 (Tex. App.—Houston [14th Dist.] 2009, no
pet.).

            In
this case, no injury occurred on property owned, occupied, or controlled by
Hoerauf.  Here, the injury occurred on a
street or roadway—we are not given the precise location—while Brandi was en
route to her home.  A property owner
generally does not owe a duty to one who leaves his or her premises and is
injured on adjacent highways.[13]  See
Dixon v. Houston Raceway Park, Inc., 874 S.W.2d 760, 762–63 (Tex.
App.—Houston [1st Dist.] 1994, no writ) (property owner has no duty to ensure
the safety of persons who leave owner’s property and suffer injury on adjacent
highways); Gonzales v. Trinity Indus.,
Inc., 7 S.W.3d 303 (Tex. App.—Houston [1st Dist.] 1999, pet. denied).  The right of control over the injury-causing
condition or activity gives rise to the duty of care.  See
Olivo, 952 S.W.2d at 528 (discussing general contractor’s liability for
independent contractor’s negligent activities on premises).

            Because
Hoerauf had no right of control over the injury-causing activity—driving after
having ingested alcohol[14]
or even the party or drinking itself—Hoerauf owed no duty of care to prevent
the accident.  Said another way, any duty
Hoerauf may have owed to Brandi in his capacity as a landowner pursuant to a
premises liability theory ceased when Brandi exited the Hoerauf property and
was no longer considered a trespasser thereon.

            After
reviewing the evidence in the light most favorable to Hyde, we determine Hyde
failed to allege or raise a fact question that the injury occurred on premises
owned or occupied by Hoerauf.  Hoerauf,
therefore, at the time of the accident, owed no duty to Brandi under a premises
liability theory of recovery.

            We
affirm the judgment of the trial court.

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          February
24, 2011

Date Decided:             March
2, 2011

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization
efforts.  See Tex. Gov’t Code Ann.
§ 73.001 (Vernon 2005).  We are unaware
of any conflict between precedent of the Twelfth Court of Appeals and that of
this Court on any relevant issue.  See Tex.
R. App. P. 41.3.

 





[2]The
original petition named Ryan C. Hoerauf, individually, Ryan C. Hoerauf, Inc.,
the O’Ryan family limited partnership, Ryan Properties, Inc., as a general
partner, by Ryan C. Hoerauf, president, O’Ryan Oil and Gas, Ryan Properties,
Inc., and Geico General Insurance Company as defendants.  The claims against Geico were nonsuited. 





[3]One
of the underage revelers testified that party attendees knew they did not have
permission to be on the property.

 





[4]The
new fence, constructed largely of steel pipe, was installed for the purpose of
keeping the property secure from trespassers. 
Construction of the new fence was the third attempt by Hoerauf to
address the problem.  While Hoerauf lives
in Odessa, he visited his Henderson County property in the summer of 2006 after
construction of the new fence was underway. 


 





[5]The
re-fencing process commenced approximately thirty days before Brandi’s death. 

 





[6]On
appeal, neither party briefed the issue of attractive nuisance; we, therefore,
do not address it.  Tex. R. App. P. 38.1.

 





[7]Certain
aspects of the original petition could be construed to attempt to state a cause
of action for “social host” liability. 
This issue was not addressed in the motion for summary judgment or
response, and was not preserved for review. 
To the extent any such issues were before the trial court, summary
judgment would be wholly proper with respect to any claimed social host
liability.  Texas law does not recognize
a civil cause of action for the provision of alcohol to minors.  Reeder v. Daniel, 61 S.W.3d 359, 364 (Tex. 2001)
(social host has no duty not to make alcohol available to minors); Smith v.
Merritt, 940 S.W.2d 602,
605 (Tex. 1997) (social host has no duty to passenger to prevent
nineteen-year-old guest from drinking and driving); Dorris v. Price, 22 S.W.3d 42, 45 (Tex. App.—Eastland 2000, pet.
denied) (no common-law duty to monitor alcohol consumption of minor guest who
hosts know will be driving).  Further,
the evidence in this case conclusively establishes that Hoerauf was not a
social host.





[8]Hyde
contends that the involvement of minors is readily inferred from the nature of
the events.  

 





[9]On
appeal, Hyde contends that Brandi was a licensee, rather than a trespasser,
based on Hoerauf’s summer-long failure to prevent such parties.  Hoerauf contends that, because the issue of
whether Brandi was a licensee was not properly before the trial court, it
should not be considered as a ground for reversal on appeal.  We agree. 
Hyde’s response to the motion for summary judgment did not assert
licensee status as a basis for avoiding the motion.  Any issues a nonmovant contends avoid the
movant’s entitlement to summary judgment must be expressly presented by written
answer to the motion or by other written response to the motion.  Such issues are not expressly presented by
mere reference to summary judgment evidence. 
McConnell v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993); Shumate v. Shumate, 310 S.W.3d 149, 152 (Tex. App.—Amarillo 2010,
no pet.).  Issues not expressly presented
to the trial court in writing shall not be considered on appeal as grounds for
reversal.  Tex. R. App. P. 166a(c).





[10]The
duty owed to a plaintiff in a premises liability case depends on the status of
the plaintiff at the time of the occurrence giving rise to the lawsuit.  W.
Invs., Inc. v. Urena, 162 S.W.3d 547, 550 (Tex. 2005); Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).  This status can be one of invitee, licensee,
or trespasser to the premises.  See
Rosas v. Buddies Food Store,
518 S.W.2d 534, 536 (Tex. 1975); Almanza
v. Navar, 225 S.W.3d 14, 20 (Tex. App.—El Paso 2005, no pet.).

 





[11]The
parties here disagree on whether the evidence raises a material fact issue of
Hoerauf’s gross negligence.  Gross
negligence means an act or omission involving subjective awareness of an
extreme degree of risk, indicating conscious indifference to the rights,
safety, or welfare of others.  State v. Shumake, 199 S.W.3d 279, 287
(Tex. 2006); Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 21 (Tex. 1994). 
A property owner is grossly negligent only if he or she knows about an
unreasonably dangerous condition on his or her property and is consciously
indifferent to the safety of the persons affected by it.  Simpson
v. Harris County, 951 S.W.2d 251, 254 (Tex. App.—Houston [14th Dist.] 1997,
no pet.); Brazoria County v. Davenport, 780 S.W.2d 827, 829 (Tex. App.—Houston [1st Dist.] 1989, no
writ).





[12]There
is no allegation of injury arising from defendant’s activity or
instrumentality, rather than by a condition created thereby.  Keetch,
845 S.W.2d at 264.





[13]We
acknowledge caselaw that provides that the owner of property abutting a highway
has a duty to exercise reasonable care to avoid endangering the safety of
persons using the highway as a means of travel. 
See Alamo Nat’l Bank v. Kraus,
616 S.W.2d 908, 910 (Tex. 1981).  Such a
duty, the existence of which has not been alleged in this case, has been
limited to cases where an owner negligently releases upon the highway “an
agency that becomes dangerous by its very nature once upon the highway.”  Naumann
v. Windsor Gypsum, Inc., 749 S.W.2d 189, 191 (Tex. App.—San Antonio 1988,
writ denied).

 





[14]Hoerauf
maintains that Brandi was intoxicated at the time of the fatal accident.  The record contains no evidence of
blood-alcohol content.  The record merely
shows that Brandi ingested alcohol prior to the accident.