

# NUMBER 13-14-00215-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

TARA HOKE,                                                    Appellant,

v.

THE CAMPBELL GROUP, LLC
AND CROWN PINE TIMBER 1, L.P.,                               Appellees.

---

### On appeal from the 75th District Court
### of Liberty County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Garza, Perkes, and Longoria
### Memorandum Opinion by Justice Perkes[1]

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, the appeal has been transferred to this Court from the Ninth Court of Appeals in Beaumont, Texas.   *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.)

Appellant Tara Hoke (Hoke) appeals a summary judgment rendered in favor of appellees The Campbell Group, LLC and Crown Pine Timber 1, L.P. Following a motor vehicle accident, Hoke filed suit alleging negligence and gross negligence.[2] Appellees filed a traditional[3] motion for summary judgment arguing that they owed no duty to Hoke, which the trial court granted. By one issue, Hoke challenges the summary judgment order, arguing "appellees failed to conclusively negate an element of her premises liability and negligent activity claims, and [that she] raised issues of material fact." We reverse and remand.

## I. BACKGROUND

As alleged in her original petition[4], Hoke sustained injuries after her vehicle collided with a logging truck. Hoke and the truck were both traveling on highway 96 in Hardin County; Hoke in the right lane, the logging truck in the left. Attempting to turn onto a private logging road owned by The Campbell Group, LLC and managed by Crown Pine Timber 1, L.P., the truck unexpectedly turned in front of Hoke and activated its brakes, stopping in the roadway. Hoke hit the rear of the logging truck and sustained injuries.

In her original petition, Hoke alleged appellees were negligent by: (1) failing to use appropriate signage to alert and warn the traveling public of unusual and dangerous

---

[2] Hoke also filed suit against Harold Watson, Delbert Croft, and Croft Logging. After granting summary judgment in favor of The Campbell Group and Crown Pine Timber 1, L.P., the trial court severed the remaining causes of action against defendants Watson, Croft, and Croft Logging.

[3] Appellees solely submitted their motion as a "traditional" motion for summary judgment, and cite solely to TEX. R. CIV. P. 166a(c) (West, Westlaw through 2015 R.S.). They do not contend that it is a "no evidence" motion for summary judgment, and make no citation to section 166a(i). *Compare* TEX. R. CIV. P. 166a (c) *with* (i).

[4] Neither party submitted any affidavit, deposition, or other evidence describing the accident or any other factual matters regarding the case. Thus, we are referencing Hoke's original petition to give some general background.

commercial activity; (2) failing to inspect the site for hazardous interference with the traveling public; (3) failing to develop and/or implement a safe worksite plan to reduce the risk of hazards to the traveling public from trucks turning onto the logging road; and (4) failing to make a safe entrance for logging trucks turning off a major highway. Hoke further alleged that appellees were grossly negligent. The original petition does not include any references to either "negligent activity" or "negligence per se" and no statutory references are included therein.[5]

Appellees filed a traditional motion for summary judgment pursuant to Rule 166a(c) of the Texas Rules of Civil Procedure, claiming that Hoke could not prove an essential element of her negligence claims. Appellees, however, did not attach or otherwise reference any affidavit or other evidence to support their motion. Rather, they relied solely on Hoke's original petition, wherein she asserted that the accident did not occur on appellees' property. Appellees contend that the duty of a premises owner to provide protection does not extend beyond the limits of the owner's control. Since the accident occurred on a highway and not on property controlled by appellees, appellees conclude they owed no duty to Hoke, thus challenging an essential element of Hoke's negligence cause of action. The trial court granted summary judgment in appellees' favor.[6]

---

[5] Hoke's original petition was the live pleading before the trial court at the time it entered its summary judgment. Hoke's appellate brief, however, is replete with background and other references to her amended pleadings. Hoke's first amended petition asserts appellees breached their duty to Hoke by violating the Texas Administrative Code in the design of the driveway. Hoke's second amended petition further alleges appellees "failed to provide adequate instruction and research to [the truck's driver] regarding his procedure and route." Inasmuch as both amended pleadings were filed after the trial court granted summary judgment, and without leave, the amended petitions are not relevant to this appeal.

[6] Appellees filed a reply to Hoke's summary judgment response and objection to Hoke's evidence. The trial court, however, stated at the post-judgment hearing it was untimely filed and was not considered.

## II.    DISCUSSION

By her sole issue, Hoke claims the trial court erred by granting summary judgment on her negligence claims when appellees failed to conclusively negate an element of her premises liability and negligent activity claims, and that she raised issues of material fact.

### A.    Standard of Review

We review the trial court's summary judgment de novo.    *See FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).   When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor.   *S.W. Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).   Under Rule 166a(c) of the Texas Rules of Civil Procedure, the party moving for summary judgment bears the burden to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law.    TEX. R. CIV. P. 166a(c); *see Haase v. Glazner*, 62 S.W.3d 795, 797 (Tex. 2001); *Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999).   A defendant, as movant, is entitled to summary judgment if it (1) disproves at least one element of the plaintiff's theory of recovery; or (2) pleads and conclusively establishes each essential element of an affirmative defense, thereby rebutting the plaintiff's cause of action.   *Pico v. Capriccio Italian Restaurant, Inc.*, 209 S.W.3d 902, 905 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *see Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).   Because the trial court's order does not specify the grounds for its summary judgment, we must affirm the summary judgment if any of the theories presented to the trial court are meritorious.

4

*Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 626 (Tex. 1996); *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

**B.      Applicable Law**

In order to establish tort liability, the plaintiff must establish the existence of a duty owed by the defendant to the plaintiff and a breach of that duty.   *Otis Engineering Corp. v. Clark*, 668 S.W.2d 307, 309 (Tex. 1983).   Whether a duty exists is the threshold inquiry in a negligence case.   *Graff v. Beard*, 858 S.W.2d 918, 919 (Tex. 1993).   The duty of a premises owner or occupier to provide protection arises from control of the premises, and the duty does not extend beyond the limits of the premises owner's control.   *Dixon v. Houston Raceway Park, Inc.*, 874 S.W.2d 760, 762 (Tex. App.—Houston [1st Dist.] 1994, no pet.); *see Grapotte v. Adams*, 111 S.W.2d 690, 691 (Tex. 1938); *La Fleur v. Astrodome–Stadium Corp.*, 751 S.W.2d 563, 565 (Tex. App.—Houston [1st Dist.] 1988, no writ).   An owner or occupier of property is not an insurer of the safety of travelers on an adjacent highway and is not required to protect against the negligent acts of third persons.   *Naumann v. Windsor Gypsom, Inc.*, 749 S.W.2d 189, 191 (Tex. App.—San Antonio 1988, writ denied).   However, the owner of a property abutting a public highway must exercise reasonable care not to jeopardize or endanger the safety of persons lawfully using the highway as a means of passage or travel and the owner is liable for any injury that proximately results from his wrongful acts in such respects.   *See Carter v. Steere Tank Lines*, 835 S.W.2d 176, 178 (Tex. App.—Amarillo 1992, writ denied); *Skelly Oil Co. v. Johnston*, 151 S.W.2d 863, 865 (Tex. Civ. App.—Amarillo 1941, writ ref'd).

## C.   Analysis

Appellees contend they owe no duty to Hoke because the vehicle accident did not occur on their premises.   According to appellees, the existence of duty depends on the foreseeability of the harmful consequences resulting from the particular conduct at issue. Appellees further argue that in determining whether a landowner owes a duty to those traveling on adjacent public roadways, it is axiomatic that a person does not have a duty to anticipate negligent or unlawful conduct on the part of another.

Appellees point to several cases for the proposition that a landowner has no duty to guard passing motorists against the possible negligence of another over whom the landowner exercises no control and whose competence to perform his duties the landowner has no reason to doubt.   *See Garrett v. Houston Raceway Park, Inc.*, No. 14– 94–000929–CV, 1996 WL 354743, at *1–2 (Tex. App.—Houston [14th Dist.] June 27, 1996, no writ); *Dixon,* 874 S.W.2d at 762; *Lawson v. B Four Corp.*, 888 S.W.2d 31, 35 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *Naumann v. Windsor Gypsum, Inc.*, 749 S.W.2d 189, 191 (Tex. App.—San Antonio 1988, writ denied).   All four cases involved accidents which took place on a highway adjacent to a defendant's property.

For instance, in *Garrett,* which was almost factually identical to *Dixon,* an eastbound driver who left the defendant's property turned in front of the westbound Garrett vehicle and caused an accident.   *See Garrett*, 1996 WL 354743, at *1.   The defendants submitted summary judgment proof that the accident occurred off their premises and that they had no right of control over the state road where the accident occurred.   *Id.*   The *Garrett* court concluded that there was no greater risk or

6

foreseeability of an accident in front of defendant's property than on other portions of the highway, and that the defendant had no duty to protect passing motorists from the negligent acts of other motorists. *Id.* at *2.

Similarly, in *Naumann,* a truck driven by an independent contractor which entered a highway from an adjoining landowner's (Windsor Gypsum) property was involved in an accident. *See* 749 S.W.2d at 191. After reviewing the summary judgment evidence, the court held that Windsor Gypsum had every right to expect truck drivers, over whom they had no control, to exercise due care in the operation of their vehicles as they exited Windsor Gypsum's plant, and that it was not foreseeable that the truck driver would act in a negligent manner. *Id* at 192. The court concluded that Windsor Gypsum was not obligated to guard passing motorists against the possible negligence of independent contractors. *Id.*

Appellees liken the facts in this case with those in *Dixon, Lawson, Garrett and Naumann*, arguing that there is no evidence they had any control over the driver or any reason to doubt he was competent to drive his truck safely. Appellees have confused the burden of proof. The burden was on appellees to bring forth competent summary judgment evidence proving that they owed no duty to Hoke. TEX. R. CIV. P. 166a(c); *see Haase v. Glazner*, 62 S.W.3d 795, 797 (Tex. 2001). In each of those four cases, the defendants submitted summary judgment evidence to support their respective motions. Here, however, appellees did not.

The record is devoid of any affidavits, depositions, pictures or other summary judgment evidence that would show how the accident occurred, where the accident

occurred, or whether the accident was unforeseeable. There is no summary judgment evidence that shows the conditions of the private roadway, the entrance of the driveway in relation to the highway, and the proximity of the accident to appellees' property entrance or roadway. There is also no summary judgment evidence to show that the driver executed his right turn in front of Hoke in a negligent manner or that appellees did not exert any control over the driver. *See Dixon,* 874 S.W.2d at 762; *see also Garrett*, 1996 WL 354743, at *1; While we agree, as did the court in *Naumann*, that appellees should expect drivers entering their property to exercise due care, there is simply no summary judgment evidence in the record that the driver failed to do so.

Although appellees point to Hoke's original petition as proof of their lack of a legal duty, pleadings generally do not constitute summary judgment proof. *See Brooks v. Ctr. for Healthcare Servs.*, 981 S.W.2d 279, 283 (Tex. App.—San Antonio 1998, no pet.). Moreover, appellees do not argue that Hoke's pleadings constitute judicial admissions negating her cause of action, nor do we so hold. In short, the record is devoid of any evidence that would allow a court to conduct an analysis of the legal duty owed based on the facts of the accident, as was done in the cases we previously discussed. Because appellees failed to meet their burden of proof negating an essential element of Hoke's cause of action, the trial court erred in granting their traditional motion for summary judgment. Hoke's issue is sustained.

8

### III.   CONCLUSION

We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

GREGORY T. PERKES
Justice

Delivered and filed the
21st day of April, 2016.

9