**Michael PAPANIA, Appellant,**

v.

**Ermon STELLY, Appellee.**

No. 09–94–277 CV.

Court of Appeals of Texas, Beaumont.

Submitted Dec. 16, 1996.

Decided Feb. 6, 1997.

Rehearing Overruled March 20, 1997.

Thomas P. Roebuck, Jr., Bush, Lewis & Roebuck, Beaumont, for appellant.

Michael J. Truncale, Orgain, Bell & Tucker, Beaumont, for appellee.

Before BURGESS, STOVER and HILL,[1] JJ.

## OPINION ON REMAND

HILL, Justice (Assigned).

Michael Papania appeals from a summary judgment that he take nothing against Ermon Stelly, the appellee. He contends in three points of error that the trial court erred in: (1) allowing Stelly to withdraw and amend his answers to Papania's Request for Admissions in violation of Tex.R. Civ. P. 169(2); (2) granting Stelly's Motion for Summary Judgment because fact issues exist regarding the ownership and control of the

---

1. The Honorable John Hill, sitting by assignment pursuant to Tex. Gov't Code Ann. § 74.003(b)

(Vernon 1988).

premises upon which he was injured; and (3) granting Stelly's Motion for Summary Judgment in that Stelly failed to maintain the land or warn Papania of the hazard.

We initially reversed the summary judgment and remanded this cause by sustaining Papania's first point of error, holding in an unpublished opinion that the trial court erred by allowing Stelly to amend his response to requests for admissions approximately three years after they had been deemed admitted and after Papania had non-suited the City of Port Neches. The Texas Supreme Court granted writ of error and reversed, holding that the trial court did not abuse its discretion in allowing Stelly to amend his response to the admissions, because Papania was not prejudiced since he could not have asserted a claim against the City due to lack of notice. *Stelly v. Papania,* 927 S.W.2d 620, 622 (Tex. 1996). That court remanded this cause for consideration of Papania's remaining points of error. *Id.* at 622–623.

We reverse the summary judgment and remand this cause for trial because the trial court erred in granting the summary judgment since there was a genuine issue of material fact as to whether Stelly was the occupier or possessor of the premises where Papania sustained his injury and as to whether Stelly, if in fact he did occupy or possess those premises, violated the duty he owed to Papania, an invitee.

■ Papania contends in points of error numbers two and three that the trial court erred in granting the summary judgment because fact issues exist regarding ownership and control of the premises on which he was injured and because Stelly failed to maintain the land or warn him of the hazard.

Papania fell and broke his left leg in the front portion of the area between Stelly's residence and the curb, after making a pizza delivery to the residence. He apparently slipped on mud, clay, or dirt that had been left by the City of Port Neches after it had repaired a sewer line. He brought suit against Stelly and the City of Port Neches seeking damages for his injury. As previously noted, he subsequently non-suited the City. Stelly moved for summary judgment, asserting that the summary judgment evi-

dence showed that as a matter of law he did not violate any duty that he owed to Papania. Papania responded by saying that there was a fact issue as to whether Stelly had violated any duty that he owed to him.

The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true; and every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

Stelly presented summary judgment evidence to the effect that the part of the yard where Papania fell was owned by the City of Port Neches. Although Papania contends there is a fact question concerning ownership of the premises, Papania presented no summary judgment evidence that might show that the premises was owned by Stelly. We will therefore presume that Stelly does not own the premises where Papania fell and that it is owned by the City of Port Neches.

Section 343 of the Restatement (Second) of Torts has been adopted in Texas. *Adam Dante Corp. v. Sharpe,* 483 S.W.2d 452, 454–55 (Tex.1972). That section provides that a possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect them against the danger. RESTATEMENT (SECOND) OF TORTS § 343 (1965). Stelly made no contention in his Motion for Summary Judgment that as a matter of law he met the standard of care set forth in section 343 of the Restatement, nor does he contend in the motion that he does not possess or occupy the premises in question. Instead, he urges that because he does

not own the property he does not owe Papania the duty outlined in section 343. The duty outlined in section 343 is, by its own terms, applicable to possessors of property. Therefore, it applies to occupiers of premises as well as owners. *See Corbin v. Safeway Stores, Inc.,* 648 S.W.2d 292, 295 (Tex.1983). Inasmuch as Stelly failed to allege or establish that he did not occupy or possess the property in question and failed to allege or establish as a matter of law that he fulfilled the duty that an occupier or possessor would owe to an invitee, the trial court erred in granting summary judgment in his favor.

■ Stelly insists that his duty was to avoid actively rendering the public property adjacent to his property unsafe, relying on *Henry v. Mrs. Baird's Bakeries, Inc.,* 475 S.W.2d 288, 291 (Tex.Civ.App.—Fort Worth 1971, writ ref'd n.r.e.). We agree that the owner or occupier of land adjacent to public property has such a duty. That does not prevent that same landowner from owing to an invitee the duty outlined in section 343 of the Restatement if that landowner also occupies or possesses the publicly-owned land.

Stelly also relies on an unpublished opinion, and the cases of *Brinlee v. Taylor Grain Co.,* 166 S.W.2d 724, 726 (Tex.Civ.App.—Dallas 1942, no writ); *Werner v. Trout,* 2 S.W.2d 525 (Tex.Civ.App.—San Antonio 1928), *rev'd on other grounds,* 360 S.W.2d 787 (Tex.1962); *Shapiro v. Edwards,* 331 S.W.2d 242, 246 (Tex.Civ.App.—Houston 1959, writ ref'd n.r.e.); and *Parra v. F.W. Woolworth Co.,* 545 S.W.2d 596, 598 (Tex.Civ.App.—El Paso 1977, no writ).

Relying on Rule 90(i) of the Texas Rules of Appellate Procedure, we decline to discuss or consider the unpublished opinion. If, as stated by Stelly, the opinion was not cited as precedential authority, it constitutes facts outside the record. *Carlisle v. Philip Morris, Inc.,* 805 S.W.2d 498, 501 (Tex.App.—Austin 1991, writ denied).

The remaining cases are cited by Stelly for the general proposition that an abutting property owner does not owe the public a duty to maintain a sidewalk in a safe condition. We agree with the law as contained in these cases. However, we find that it has no application to the premises here, which is admittedly not a sidewalk. Streets and highways, including sidewalks, are dealt with separately in RESTATEMENT (SECOND) OF TORTS § 349 (1965). That section contains the exception to liability under section 343 upon which Stelly relies. We find no indication in either that section or in the cases upon which Stelly relies that indicates the exception would extend to premises such as that involved in this case.

In this case it may reasonably be inferred that the premises in question, although owned by the City of Port Neches, constituted a portion of Stelly's front yard, since it was located between his house and his front curb. It is undisputed that Stelly did not know that these premises were not owned by him. Therefore, it may also reasonably be inferred that he possessed or occupied the premises in the same way that he possessed or occupied the remainder of his front yard.

Stelly asserts that Papania may not rely on his status other than as an owner of the premises because Papania did not make such an assertion in his response to Stelly's Motion for Summary Judgment. We have examined Papania's response and hold that it adequately raises the issue of Stelly's duty as an occupier of premises, in addition to any duty he might have as an owner.

We sustain Papania's points of error numbers two and three. As previously noted, Papania's point of error number one has already been determined in the prior appeal.

The judgment is REVERSED and this cause REMANDED for trial.