David K. HIRABAYASHI, Appellant,

v.

NORTH MAIN BAR–B–Q, INC., Appellee.

No. 2–97–091–CV.

Court of Appeals of Texas, Fort Worth.

June 11, 1998.

Rehearing Overruled July 23, 1998.

Mack Ed Swindle, Thomas F. Harkins, Jr., Michener Larimore Swingle, Whitaker Flowers Sawyer, Reynolds & Chalk, L.L.P., Fort Worth, Texas, for Appellant.

Perry J. Cockerell, Stephen A. Madsen, David A. Palmer, Cantey & Hanger, L.L.P., Fort Worth, Texas, for Appellee.

Before DAUPHINOT, RICHARDS and HOLMAN, JJ.

## OPINION

HOLMAN, Judge.

David Hirabayashi appeals the trial court's entry of summary judgment in favor of North Main Bar-B-Q, Inc. (North Main). Hirabayashi brought suit against North Main for injuries he sustained from being hit by a car while crossing the road in front of the restaurant after he finished lunch. Because North Main had no duty of care to Hirabayashi with respect to the off-premises accident, we affirm the trial court's judgment.

### Background

Hirabayashi went to North Main for lunch. The parking lot was apparently full, so Hirabayashi parked across the street in a vacant lot, not owned or used by the restaurant as

overflow parking. Hirabayashi left the restaurant and proceeded across the middle of the street, not in the crosswalk farther down the block, and was hit by a jeep. It is not contested that Hirabayashi sustained severe injuries.

Hirabayashi brought suit alleging the restaurant was negligent for operating a business without adequate parking, created an unreasonable risk of harm by not providing for a cross-walk or light to be placed in the street, and failed to warn of the dangerous nature of the roadway in front of the business. North Main contended that they owed no duty to someone crossing the middle of a busy street, that the available parking was adequate, and that they did not own or operate the vacant lot across the street or suggest to patrons that they park there. The trial court agreed and granted North Main's motion for summary judgment.

## Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* Tex.R.Civ.P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant and all doubts about the existence of a genuine issue of a material fact are resolved against the movant. *See Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990); *Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *See Great Am.*, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *See Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *See Great Am.*, 391 S.W.2d at 47.

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *See City of Houston*, 589 S.W.2d at 678. When a trial court's order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *See Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995).

## Premise Liability

Hirabayashi contends that because North Main chose where to locate its business it has an obligation to its invitees to provide safe access. He further asserts that actions by the injured party do not preclude North Main's liability for its negligent act or omission, and that there were several disputed fact issues present.

■■■ Because the question of whether North Main owed Hirabayashi any duty is a question of law and dispositive of this appeal, we need not consider all of Hirabayashi's issues. *See Mitchell v. Missouri–Kansas–Texas R.R. Co.*, 786 S.W.2d 659, 662 (Tex. 1990), *cert. denied*, 498 U.S. 896, 111 S.Ct. 247, 112 L.Ed.2d 205. Ordinarily, a person who does not own, occupy, or otherwise control real property cannot be held liable for dangerous conditions thereon. *See City of Denton v. Page*, 701 S.W.2d 831, 835 (Tex. 1986); *Dixon v. Houston Raceway Park, Inc.*, 874 S.W.2d 760, 762–63 (Tex.App.— Houston [1st Dist.] 1994, no writ). It is possession and control which generally must be shown to establish liability. *See Page*, 701 S.W.2d at 835 (citing 62 Am.Jur.2d *Premises Liability* §§ 12, 14 (1972)). For example, an owner or occupier of property has no duty to insure the safety of persons who leave the owner's property and suffer injury on adjacent highways or railroad tracks, or to insure safety against the dangerous acts of third persons. *See Dixon*, 874 S.W.2d at 762–63; *Portillo v. Housing Authority of the City of*

*El Paso,* 652 S.W.2d 568, 569 (Tex.App.—El Paso 1983, no writ); *Naumann v. Windsor Gypsum, Inc.,* 749 S.W.2d 189, 192 (Tex. App.—San Antonio 1988, writ denied).

 Hirabayashi suggests that because North Main chose to set up business next to a busy roadway, they owed a duty to provide a means for safely crossing that roadway into a vacant lot, that was neither owned by North Main or operated as overflow parking. Texas courts have recognized four closely-related "assumed duty" exceptions to the general rule that there is no duty to prevent accidents on adjacent property that a person neither owns nor occupies.

First, a person who agrees or contracts, either expressly or impliedly, to make safe a known, dangerous condition of real property may be held liable for the failure to remedy the condition. *See Page,* 701 S.W.2d at 835, (citing *Gundolf v. Massman–Johnson,* 473 S.W.2d 70 (Tex.Civ.App.—Beaumont, writ ref'd n.r.e.), *per curiam,* 484 S.W.2d 555 (Tex.1972). Second, a person who has created a dangerous condition may be liable even though not in control of the premises at the time of injury. *See Page,* 701 S.W.2d at 835. Third, a lessee who assumes actual control over a portion of adjacent property also assumes legal responsibility for that adjacent portion, even though none of the adjacent property is included in the lease. *See Wal–Mart Stores, Inc. v. Alexander,* 868 S.W.2d 322, 324 (Tex.1993). Fourth, where an obscured danger exists on land directly appurtenant to the land owned or occupied, and where that danger is near a place where invitees enter and exit the landowner's or occupier's property, the owner or occupier owes a duty to those invitees entering and exiting to warn of the danger. *See Renfro Drug Co. v. Lewis,* 149 Tex. 507, 235 S.W.2d 609, 615 (1950); *Parking, Inc. v. Dalrymple,* 375 S.W.2d 758, 762 (Tex.Civ.App.—San Antonio 1964, no writ).

 North Main did not agree or contract, either expressly or impliedly, to make safe a known, dangerous condition of the roadway. Neither did North Main create a dangerous condition in the roadway. We acknowledge the line of cases that provide that an owner or occupier of premises abutting a highway has a duty to exercise reasonable care to avoid endangering the safety of persons using the highway as a means of travel, and is liable for any injury that proximately results from his negligence. *See Alamo Nat'l Bank v. Kraus,* 616 S.W.2d 908, 910 (Tex.1981); *Naumann,* 749 S.W.2d at 191.

However, such a duty has been limited to cases where an owner negligently releases upon the highway "an agency that becomes dangerous by its very nature once upon the highway." *Naumann,* 749 S.W.2d at 191; *see Kraus,* 616 S.W.2d at 910 (wall of building being demolished falls onto city street); *Atchison v. Texas & Pac. Ry.,* 143 Tex. 466, 186 S.W.2d 228, 229 (1945) (smoke from grass fire drifts across adjacent road); *Beaumont Iron Works Co. v. Martin,* 190 S.W.2d 491, 495 (Tex.Civ.App.—Beaumont 1945, writ ref'd w.o.m.) (windowpane falls from building onto adjacent sidewalk); *Golden Villa Nursing Home, Inc. v. Smith,* 674 S.W.2d 343, 350 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (nursing home patient with known tendency to wander onto highway darts onto highway and knocks down motorcyclist). There has been no allegation or summary judgment proof presented to indicate that North Main released a dangerous agency onto the roadway. Therefore, North Main owed no duty to Hirabayashi under this line of cases, either.

 North Main was also not a lessee who assumed actual control over a portion of adjacent property. And finally, there was not an obscured danger on land directly appurtenant to the entry and exit of the land North Main owned or occupied. The public roadway here is well-traveled and numerous cars pass by the restaurant each day. There is no duty to warn when the risks are matters "within the ordinary knowledge common to the community." *See Joseph E. Seagram & Sons, Inc. v. McGuire,* 814 S.W.2d 385, 388 (Tex.1991). Patrons who wish to cross the roadway for their own purposes can avail themselves of the crosswalk down the road, or at least make sure no cars are coming if they cross the middle of a busy road. The obvious presence of cars passing on a roadway is not an "obscured" danger, so there

was no duty to warn those invitees entering and exiting the restaurant of the known danger of crossing the roadway. Hirabayashi has failed to present any evidence that one of these exceptions is applicable to his case, and his issues are overruled.

### Conclusion

Because North Main did not release a dangerous agency into the roadway, there was no obscured danger present, and it did not own or operate the vacant lot across the street or suggest to patrons that the lot could be used as overflow parking, North Main had no duty to Hirabayashi. We affirm the trial court's summary judgment for North Main.