WALL V. SKYLINE DRIVE MOTEL, INC., ET AL.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-079-CV

JAMES TROY WALL APPELLANT

V.

SKYLINE DRIVE MOTEL, INC. APPELLEES

AND COY HART, SR. 

------------

FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In this premises liability case, James Troy Wall appeals the trial court’s order granting a summary judgment for Skyline Drive Motel, Inc. and Coy Hart, Sr.  We affirm.

On July 23, 2002, James Troy Wall was a passenger in a Chevrolet Blazer operated by his friend, Stephen Roland.  Wall and Roland were traveling eastbound in the right hand lane on State Highway 199 when Nicholas Janke backed his Acura from the highway’s right-of-way in front of the Skyline Drive Motel onto the highway.  Janke’s Acura collided with Roland and Wall’s Blazer and caused the Blazer to flip and roll over.  As a result of the accident, Wall was temporarily paralyzed from the waist down and has permanent nerve damage to his hands and legs. 
 

Wall sued Skyline Drive Motel and Coy Hart, the secretary for the Skyline Motel Corporation, which owns the motel and adjacent property.
(footnote: 2)  Wall alleged that, as owners of property abutting the highway, appellees breached their duty to use reasonable care not to harm persons such as Wall who traveled the highway in front of the motel by failing to warn passing motorists of the danger caused by motel guests entering the highway.  Appellees filed a traditional motion for summary judgment asserting that they owed no duty to Wall and, in the alternative, that any of their acts or omissions were not the proximate cause of Wall’s injuries.  The trial court granted appellees’ motion for summary judgment without specifying the grounds for its ruling.  

In a summary judgment case, the issue on appeal is whether the movant met the summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.
(footnote: 3)  The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant.
(footnote: 4)
 The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant’s cause of action or defense as a matter of law.
(footnote: 5)  
When a trial court’s order granting summary judgment does not specify the ground or grounds relied on for its ruling, summary judgment will be affirmed on appeal if any of the theories presented to the trial court and preserved for appellate review are meritorious.
(footnote: 6) 

Wall contends that appellees breached a duty of care by failing to warn passing motorists of the danger caused by motel patrons who entered the highway from the right-of-way in front of the motel.
(footnote: 7)  
He argues that this case falls within the principle set out in 
Alamo National Bank v. Kraus
(footnote: 8) that an owner or occupier of property has a duty to exercise reasonable care not to jeopardize or endanger the safety of persons using adjoining property.
(footnote: 9)  
Alamo
, however,
 
is inapposite to this case.

In 
Alamo
, the property owner hired a company to demolish a building on the property and the demolition caused a wall of the building to fall across an adjacent highway, killing a passing motorist and injuring another person.
(footnote: 10)  The supreme court held that the property owner was liable for the injuries proximately caused by the negligent demolition of the building.
(footnote: 11)   Here, however, there is no allegation that appellees performed a negligent act on the motel property that presented a danger to persons traveling on the highway in front of the motel.  Wall merely alleges that appellees were negligent in failing to warn Wall of the dangers caused by motel guests who negligently enter the highway from the adjoining right-of-way.  A person who does not own, occupy, or otherwise control real property cannot be held liable for dangerous conditions thereon.
(footnote: 12)   Therefore, appellees owed no duty of care to warn Wall of dangers caused by third parties using property in which appellees have no ownership or control.
(footnote: 13) 

We overrule Wall’s issue and affirm the trial court’s summary judgment for appellees.
(footnote: 14) 

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAUPHINOT and MCCOY, JJ.

DELIVERED:  June 8, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Wall also sued T&C Hardware, Inc., but later announced that he no longer wished to pursue his claims against T&C; the trial court dismissed Wall’s claims against T&C with prejudice. 

3:
Tex. R. Civ. P.
 166a(c); 
Sw. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002); 
City of Houston v. Clear Creek Basin Auth.
, 589 S.W.2d 671, 678 (Tex. 1979). 

4:
Sw. Elec. Power Co., 
73 S.W.3d at 215.

5:
Clear Creek Basin
, 589 S.W.2d at 678.

6:
Provident Life & Accident Ins. Co. v. Knott
, 128 S.W.3d 211, 216 (Tex. 2003); 
Star-Telegram, Inc. v. Doe
, 915 S.W.2d 471, 473 (Tex. 1995); 
Harwell v. State Farm Mut. Auto Ins. Co.,
 896 S.W.2d 170, 173 (Tex. 1995). 

7:
The question of whether appellees owed Wall a duty is a question of law.  
See Walker v. Harris
, 924 S.W.2d 375, 377 (Tex. 1996)
; 
Hirabayashi v. North Main Bar-B-Q, Inc
., 977 S.W.2d 704, 707 (Tex. App.—Fort Worth 1998, pet. denied).  

8:
Alamo Nat’l Bank v. Kraus
,616 S.W.2d 908, 910 (Tex. 1981).

9:
See id. 
at 910.

10:
Id.
 at 909. 

11:
Id. 
at 910; 
see also Hirabayashi
, 977 S.W.2d at 707 (limiting the duty set out in 
Alamo
 to “cases where an owner negligently releases upon the highway ‘an agency that becomes dangerous by its very nature once on the highway.’”).

12:
City of Denton v. Page
, 701 S.W.2d 831, 835 (Tex. 1986); 
Hirabayashi
, 977 S.W.2d at 706.  

13:
Wall asserts that a fact issue exists regarding whether appellees exercised control over the right-of-way because Hart admitted in his deposition that he parked in the right-of-way himself and knew that motel customers parked there.  This admission does not establish that appellees had control over the right-of-way.  To the contrary, the evidence conclusively shows that the State owned and provided the sole maintenance for the right-of-way.  The two cases on which Wall relies for the argument that
 
appellees should be held liable for injuries caused by the negligence of motel guests who use the right-of-way are distinguishable.  
In those cases, the defendant either failed to establish that he did not own, occupy, or control the property where the injury occurred, or the evidence showed that the defendant was responsible for creating an allegedly  dangerous condition on its property that extended to adjoining property and posed a danger to users of the adjoining property
. See Wal-Mart Stores, Inc. v. Alexander
, 868 S.W.2d 322, 325 (Tex. 1993) (defendant built a concrete ramp from its property to an adjoining parking lot); 
Papania v. Stelly
, 939 S.W.2d 653, 655 (Tex. App.—Beaumont 1997, writ denied) (defendant failed to prove that he did not own, occupy, or possess property where injury occurred).
  

14:
In light of our holding that appellees owed Wall no duty, we need not address his remaining arguments.  
See 
Tex. R. App. P.
 47.1.