COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-079-CV

 

 

JAMES TROY WALL                                                            APPELLANT

 

                                                   V.

 

SKYLINE DRIVE MOTEL,
INC.                                                  APPELLEES

AND COY HART, SR.                                                                           

 

                                              ------------

 

            FROM
THE 96TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In this premises liability
case, James Troy Wall appeals the trial court=s order granting a summary judgment for Skyline Drive Motel, Inc. and
Coy Hart, Sr.  We affirm.








On July 23, 2002, James Troy
Wall was a passenger in a Chevrolet Blazer operated by his friend, Stephen
Roland.  Wall and Roland were traveling
eastbound in the right hand lane on State Highway 199 when Nicholas Janke
backed his Acura from the highway=s right-of-way in front of the Skyline Drive Motel onto the
highway.  Janke=s Acura collided with Roland and Wall=s Blazer and caused the Blazer to flip and roll over.  As a result of the accident, Wall was
temporarily paralyzed from the waist down and has permanent nerve damage to his
hands and legs.  

Wall sued Skyline Drive Motel
and Coy Hart, the secretary for the Skyline Motel Corporation, which owns the
motel and adjacent property.[2]  Wall alleged that, as owners of property
abutting the highway, appellees breached their duty to use reasonable care not
to harm persons such as Wall who traveled the highway in front of the motel by
failing to warn passing motorists of the danger caused by motel guests entering
the highway.  Appellees filed a
traditional motion for summary judgment asserting that they owed no duty to
Wall and, in the alternative, that any of their acts or omissions were not the
proximate cause of Wall=s
injuries.  The trial court granted
appellees= motion for
summary judgment without specifying the grounds for its ruling.  








In a summary judgment case,
the issue on appeal is whether the movant met the summary judgment burden by
establishing that no genuine issue of material fact exists and that the movant
is entitled to judgment as a matter of law.[3]  The burden of proof is on the movant, and all
doubts about the existence of a genuine issue of material fact are resolved
against the movant.[4]

The summary judgment will be
affirmed only if the record establishes that the movant has conclusively proved
all essential elements of the movant=s cause of action or defense as a matter of law.[5]  When a trial court=s order granting summary judgment does not specify the ground or
grounds relied on for its ruling, summary judgment will be affirmed on appeal
if any of the theories presented to the trial court and preserved for appellate
review are meritorious.[6]









Wall contends that appellees
breached a duty of care by failing to warn passing motorists of the danger
caused by motel patrons who entered the highway from the right-of-way in front
of the motel.[7]  He argues that this case falls within the
principle set out in Alamo National Bank v. Kraus[8]
that an owner or occupier of property has a duty to exercise reasonable care
not to jeopardize or endanger the safety of persons using adjoining property.[9]  Alamo, however, is inapposite
to this case.








In Alamo, the property
owner hired a company to demolish a building on the property and the demolition
caused a wall of the building to fall across an adjacent highway, killing a
passing motorist and injuring another person.[10]  The supreme court held that the property
owner was liable for the injuries proximately caused by the negligent
demolition of the building.[11]   Here, however, there is no allegation that
appellees performed a negligent act on the motel property that presented a
danger to persons traveling on the highway in front of the motel.  Wall merely alleges that appellees were
negligent in failing to warn Wall of the dangers caused by motel guests who
negligently enter the highway from the adjoining right-of-way.  A person who does not own, occupy, or
otherwise control real property cannot be held liable for dangerous conditions
thereon.[12]   Therefore, appellees owed no duty of care to
warn Wall of dangers caused by third parties using property in which appellees
have no ownership or control.[13]









We overrule Wall=s issue and affirm the trial court=s summary judgment for appellees.[14]


 

JOHN CAYCE

CHIEF JUSTICE

 

PANEL A:   CAYCE,
C.J.; DAUPHINOT and MCCOY, JJ.

DELIVERED: 
June 8, 2006











[1]See Tex. R. App. P. 47.4.





[2]Wall
also sued T&C Hardware, Inc., but later announced that he no longer wished
to pursue his claims against T&C; the trial court dismissed Wall=s
claims against T&C with prejudice. 





[3]Tex. R. Civ. P. 166a(c); Sw. Elec. Power
Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002); City of Houston v. Clear
Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). 





[4]Sw.
Elec. Power Co., 73 S.W.3d at 215.





[5]Clear
Creek Basin, 589 S.W.2d at 678.





[6]Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 216 (Tex.
2003); Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995); Harwell
v. State Farm Mut. Auto Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995). 





[7]The
question of whether appellees owed Wall a duty is a question of law.  See Walker v. Harris, 924 S.W.2d 375,
377 (Tex. 1996); Hirabayashi v. North Main Bar‑B‑Q, Inc.,
977 S.W.2d 704, 707 (Tex. App.CFort Worth 1998, pet.
denied).  





[8]Alamo
Nat=l
Bank v. Kraus,616 S.W.2d 908, 910 (Tex. 1981).





[9]See
id. at 910.





[10]Id. at
909. 





[11]Id. at
910; see also Hirabayashi, 977 S.W.2d at 707 (limiting the duty set out
in Alamo to Acases
where an owner negligently releases upon the highway >an
agency that becomes dangerous by its very nature once on the highway.=@).





[12]City
of Denton v. Page, 701 S.W.2d 831, 835 (Tex. 1986); Hirabayashi,
977 S.W.2d at 706.  





[13]Wall
asserts that a fact issue exists regarding whether appellees exercised control
over the right-of-way because Hart admitted in his deposition that he parked in
the right-of-way himself and knew that motel customers parked there.  This admission does not establish that
appellees had control over the right-of-way. 
To the contrary, the evidence conclusively shows that the State owned
and provided the sole maintenance for the right-of-way.  The two cases on which Wall relies for the
argument that appellees should be held liable for injuries caused by the
negligence of motel guests who use the right-of-way are distinguishable.  In those cases, the defendant either failed
to establish that he did not own, occupy, or control the property where the
injury occurred, or the evidence showed that the defendant was responsible for
creating an allegedly  dangerous
condition on its property that extended to adjoining property and posed a
danger to users of the adjoining property. See Wal-Mart Stores, Inc. v.
Alexander, 868 S.W.2d 322, 325 (Tex. 1993) (defendant built a concrete ramp
from its property to an adjoining parking lot); Papania v. Stelly, 939
S.W.2d 653, 655 (Tex. App.CBeaumont 1997, writ denied)
(defendant failed to prove that he did not own, occupy, or possess property
where injury occurred).  





[14]In
light of our holding that appellees owed Wall no duty, we need not address his
remaining arguments.  See Tex. R. App. P. 47.1.