TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00384-CV






Michael Cabrera, Caryn Hooten, and the Estate of Andrea Cabrera, Appellants


v.


Spring Ho Festival, Inc., Appellee






FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT

NO. 15,931, HONORABLE WILLIAM BACHUS JR., JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 After exiting the Spring Ho Festival in Lampasas, Texas, Andrea Cabrera was struck
by a vehicle on a street adjacent to the festival grounds. She died from her injuries ten days later. 
Cabrera's parents, Michael Cabrera and Caryn Hooten, and her estate sued Spring Ho Festival, Inc.
("Spring Ho"), the non-profit organization that runs the festival, for negligence and wrongful death. 
See Tex. Civ. Prac. & Rem. Code Ann. § 71.002 (West 2008). Spring Ho filed a motion for
summary judgment, arguing on traditional grounds that the evidence conclusively disproved the
element of duty and also asserting no-evidence grounds on the elements of cause in fact and
foreseeability. The trial court granted summary judgment in Spring Ho's favor. We affirm the
judgment of the trial court. 





BACKGROUND

 On July 10, 2004, thirteen-year-old Andrea Cabrera attended the Spring Ho Festival
in Lampasas, Texas. At approximately 10:00 p.m., she exited the festival grounds to cross
Key Avenue, a street adjacent to the site of the festival, in order to reach the lot where she was to be
picked up. As she was crossing Key Avenue, she was struck by an SUV driven by Martin Shane
Buchanan. She died from injuries resulting from the collision ten days later.

 According to the police report of the investigating officer, Charles Montgomery,
Buchanan stated after the accident that he had been distracted when "his attention was diverted to
the east side of the roadway watching heavy pedestrian traffic." During his own deposition
testimony, however, Buchanan denied being distracted, explaining, "The only crowd came after the
accident." Further, Officer Montgomery stated that he had found no evidence of such a crowd during
his investigation. 

 According to the contract between Spring Ho and the City of Lampasas regarding use
of city facilities for the festival, "Spring Ho shall be provided a right of access to and periodic
exclusive use of certain City owned properties, including . . . various City of Lampasas street rights-of way." The contract further provided that the city would make streets around the festival area
"available to Spring Ho for use and access during the [festival]," and that "any necessary closure of
streets and rights-of-ways, related to the [festival] and its various activities, will be coordinated with
and directed by the City Manager." Regarding Key Avenue, J. Benton Floerke, the chairman of the
board of directors of the Spring Ho Festival, stated in his affidavit that Spring Ho did not own or
occupy Key Avenue at the time of the accident. Rather, the City of Lampasas exercised control over
Key Avenue at the time. Further, Officer Montgomery stated during his deposition that Spring Ho
could not have placed crossing guards on the street or otherwise controlled the flow of pedestrian
traffic on Key Avenue at the time of the accident.

 After her death, Cabrera's parents and estate filed suit against Spring Ho for
negligence and wrongful death. See id. Cabrera's parents alleged that Spring Ho had been negligent
in failing to choose a safe location for the festival, failing to provide adequate procedures for the safe
ingress and egress of festival attendees, failing to provide adequate on-site parking, and releasing a
dangerous agency in the form of a crowd onto the highway, causing the accident to occur. Spring
Ho filed a traditional motion for summary judgment arguing that Spring Ho had no duty to Cabrera
at the time of the accident and a no-evidence motion arguing that Spring Ho's actions were not the
cause in fact of the accident and that Cabrera's injuries were not foreseeable. The trial court granted
summary judgment in favor of Spring Ho. Cabrera's parents and her estate now appeal, arguing that
they presented sufficient evidence to withstand summary judgment on each of the challenged
elements of their negligence claim, including duty, cause in fact, and foreseeability.


STANDARD OF REVIEW

 We review summary judgments de novo. Valence Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005). Traditional summary judgment is proper only when the movant
establishes that there is no genuine issue of material fact and that the movant is entitled to judgment
as a matter of law. Tex. R. Civ. P. 166a(c). In reviewing a traditional summary judgment, we must
indulge every reasonable inference in favor of the nonmovant, take all evidence favorable to the
nonmovant as true, and resolve any doubts in favor of the nonmovant. Id. A defendant who moves
for traditional summary judgment on the plaintiff's claims must conclusively disprove at least one
element of each of the plaintiff's causes of action. Little v. Texas Dep't of Criminal Justice,
148 S.W.3d 374, 381 (Tex. 2004).

 A no-evidence motion for summary judgment is essentially a directed verdict granted
before trial, to which we apply a legal sufficiency standard of review. King Ranch, Inc. v. Chapman,
118 S.W.3d 742, 750-51 (Tex. 2003); Jackson v. Fiesta Mart, Inc., 979 S.W.2d 68, 70 (Tex.
App.--Austin 1998, no pet.). In general, a party seeking a no-evidence summary judgment must
assert that no evidence exists as to one or more of the essential elements of the nonmovant's claims
on which it would have the burden of proof at trial. Holmstrom v. Lee, 26 S.W.3d 526, 530 (Tex.
App.--Austin 2000, no pet.). Once the movant specifies the elements on which there is no evidence,
the burden shifts to the nonmovant to raise a fact issue on the challenged elements. Tex. R. Civ. P.
166a(i). A no-evidence summary judgment will be sustained when (1) there is a complete absence
of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight
to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no
more than a scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. King
Ranch, 118 S.W.3d at 751. We view the evidence in the light most favorable to the nonmovant,
disregarding all contrary evidence and inferences. Id.

 When the trial court does not specify the basis for its summary judgment, the
appealing party must show it is error to base it on any ground asserted in the motion. Star-Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995). The appellate court must affirm the summary
judgment if any one of the movant's theories has merit. Id.

DISCUSSION

Did Spring Ho Owe a Duty to Andrea Cabrera?

 Andrea Cabrera's parents and estate allege that they are entitled to recover from
Spring Ho because of Spring Ho's negligence. To bring a negligence action in Texas, a plaintiff
must show (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages
proximately caused by the breach. Nabors Drilling, Inc. v. Escoto, 288 S.W.3d 401, 404 (Tex.
2009). The threshold inquiry in a negligence case is whether the defendant owes a legal duty to the
plaintiff. Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995). The existence of a duty
is generally a question of law for the court, although in some instances it may require the resolution
of disputed facts or inferences by the finder of fact. Nabors, 288 S.W.3d at 404 (citing Fort Bend
County Drainage Dist. v. Sbrusch, 818 S.W.2d 392, 395 (Tex. 1991)). 

 Spring Ho's traditional motion is based on its assertion that it owed no duty to Andrea
Cabrera. The duty of a premises owner or occupier to provide protection arises from control of the
premises; the duty does not extend beyond the limits of the premises owner or occupier's control. 
Dixon v. Houston Raceway Park, Inc., 874 S.W.2d 760, 762 (Tex. App.--Houston [1st Dist.] 1994,
no writ) (citing Grapotte v. Adams, 111 S.W.2d 690, 691 (Tex. 1938)). Accordingly, a person who
does not own, occupy, or otherwise control real property cannot ordinarily be held liable for
dangerous conditions thereon. See City of Denton v. Page, 701 S.W.2d 831, 835 (Tex. 1986); Dixon,
874 S.W.2d at 762-63. For example, an owner or occupier of property generally has no duty to
insure the safety of persons who leave the property and suffer injury on adjacent roadways. See
Dixon, 874 S.W.2d at 762-63; see also Hirabayashi v. North Main Bar-B-Q, 977 S.W.2d 704, 707-08 (Tex. App.--Fort Worth 1998, no pet.) (holding that restaurant that set up business near busy
roadway had no duty to provide means for safely crossing that roadway).

 Spring Ho contends that it owed no duty to Andrea Cabrera because the accident did
not occur on its premises. It is undisputed that Andrea Cabrera was in the roadway on the
1200 block of Key Avenue at the time of the accident. Spring Ho presented evidence, including the
affidavits of Montgomery and Floerke, that Key Avenue was a public thoroughfare controlled by the
city at the time of the accident. Spring Ho also presented evidence that, though it had contracted
with the city to exercise control over public spaces for the fairgrounds, its agreement did not give
it the right to control traffic on Key Avenue or otherwise occupy the roadway. Appellants do not
dispute these facts regarding occupation or control of Key Avenue at the time of the accident. 
Accordingly, we agree with Spring Ho that, under the general rule of premises liability espoused by
Texas courts, Spring Ho had no duty to ensure Cabrera's safety as she was crossing Key Avenue. 
See Hirabayashi, 977 S.W.2d at 707.

 Appellants argue, however, that this case falls under an exception to the general rule
because Spring Ho released a "dangerous agency"--a crowd--onto the roadway. Texas courts have
recognized an assumed duty exception that states that the owner or occupier of an adjacent property
who creates a dangerous condition on a roadway may be liable even though the defendant had no
control of the premises at the time of injury. See Page, 701 S.W.2d at 835. (1) This exception,
however, has been limited to cases where an owner negligently releases "an agency that becomes
dangerous by its very nature" once upon the roadway. Hirabayashi, 977 S.W.2d at 707 (quoting
Naumann v. Windsor Gypsum, Inc., 749 S.W.2d 189, 191 (Tex. App.--San Antonio 1988, writ
denied)); see Alamo Nat'l Bank v. Kraus, 616 S.W.2d 908, 910 (Tex. 1981) (holding that exception
applied when wall of building being demolished falls onto city street); Atchison v. Texas & Pac. Ry.,
186 S.W.2d 228, 229 (Tex. 1945) (exception when smoke from grass fire drifts across adjacent
road); Golden Villa Nursing Home, Inc. v. Smith, 674 S.W.2d 343, 350 (Tex. App.--Houston
[14th Dist.] 1984, writ ref'd n.r.e.) (exception when nursing home patient with known tendency to
wander onto highway darts onto highway and knocks down motorcyclist); Beaumont Iron Works Co.
v. Martin, 190 S.W.2d 491, 495 (Tex. Civ. App.--Beaumont 1945, writ ref'd w.o.m.) (exception
when windowpane falls from building onto adjacent sidewalk).

 Spring Ho argues that there is no evidence that it released a dangerous agency onto
Key Avenue. (2) In response, the appellants contend that Spring Ho released a dangerous agency in the
form of a "crowd" onto the highway, thereby distracting Buchanan and causing the accident, and rely
on a statement in Officer Montgomery's police report that indicates that Buchanan's "attention was
diverted to the east side of the roadway watching heavy pedestrian traffic." This statement, however,
reveals nothing about the activities of these pedestrians or otherwise suggests that the pedestrians
constituted "an agency that becomes dangerous by its very nature" once upon the roadway. 
Hirabayashi, 977 S.W.2d at 707. Further, the statement in the police report does not indicate the
origin of the purported crowd, and consequently provides no evidence that the pedestrians were
related to the festival or "released" by Spring Ho onto the roadway. Accordingly, we agree that the
evidence presented by the appellants constitutes no more than a scintilla, and consequently amounts
to no evidence that Spring Ho released a dangerous agency onto Key Avenue.

 As the summary judgment evidence establishes that there is no genuine issue of
material fact as to whether Spring Ho exercised control over Key Avenue at the time of the accident
and that the appellants presented no evidence that Spring Ho released a dangerous agency onto Key
Avenue, (3) we conclude Spring Ho owed no duty to Andrea Cabrera. Accordingly, the trial court did
not err in granting Spring Ho's motion for summary judgment. See Star-Telegram, 915 S.W.2d at
473 (holding that when, as here, trial court does not specify basis for its summary judgment,
appealing party must show it is error to base it on any ground asserted in motion).


CONCLUSION

 Because we find no reversible error, we affirm the judgment of the trial court.


__________________________________________

 Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed: August 20, 2010
1. Texas courts have also recognized three other assumed duty exceptions. See
Hirabayashi v. North Main Bar-B-Q, 977 S.W.2d 704, 707 (Tex. App.--Fort Worth 1998, no pet.)
(collecting cases). First, a person who agrees or contracts, either expressly or impliedly, to make safe
a known, dangerous condition of real property may be held liable for the failure to remedy the
condition. See City of Denton v. Page, 701 S.W.2d 831, 835 (Tex. 1986). Second, a lessee who
assumes actual control over a portion of adjacent property also assumes legal responsibility for that
adjacent portion, even though none of the adjacent property is included in the lease. See Wal-Mart
Stores, Inc. v. Alexander, 868 S.W.2d 322, 324 (Tex. 1993). Third, where an obscured danger exists
on land directly appurtenant to the land owned or occupied, and where that danger is near a place
where invitees enter and exit the landowner's or occupier's property, the owner or occupier owes a
duty to those invitees entering and exiting to warn of the danger. See Renfro Drug Co. v. Lewis,
235 S.W.2d 609, 615 (Tex. 1950). None of these exceptions applies to the facts of this case.
2. Though Spring Ho's motion for summary judgment indicates that the evidence
"conclusively negates" the element of duty--language comporting with a traditional motion--the
motion later states that, on the issue of the assumed duty exception, "Plaintiffs have the burden to
come forward with some evidence that (1) there was a crowd, (2) that the crowd was related to the
festival, (3) that the decedent was a member of the crowd, (4) that the crowd constituted a dangerous
agency, and (5) that the fact decedent was a member of the crowd had some causal nexus with the
accident and her ending up on the roadway." The motion goes on to assert, "Plaintiffs' allegation
that Defendant Spring Ho released a dangerous agency in the form of a crowd onto the highway and
that such dangerous agency (i.e., a crowd) caused the incident to occur is wholly without merit. 
There is no evidence to support such a theory by Plaintiffs." As this language constitutes fair notice
to the appellants of the assertion of no-evidence grounds, we treat the motion as a hybrid motion and
analyze the assumed duty issue under the no-evidence standard. See Dear v. City of Irving,
902 S.W.2d 731, 734 (Tex. App.--Austin 1995, writ denied) (holding that grounds articulated in
motion for summary judgment are sufficient if they give nonmovant fair notice of claim being
asserted); see also Tex. R. Civ. P. 71 ("When a party has mistakenly designated any plea or pleading,
the court, if justice so requires, shall treat the plea or pleading as if it had been properly
designated."). We further note that appellants do not attack Spring Ho's motion as ambiguous on
appeal, nor did they challenge the motion by a special exception in the trial court. See McConnell
v. Southside Indep. Sch. Dist., 858 S.W.2d 337, 342 (Tex. 1993) (stating that "an exception is
required should a non-movant wish to complain on appeal that the grounds relied on by the movant
were unclear or ambiguous").
3. Appellants also argue that the determination of whether a duty exists in this case is best left
to the finder of fact to determine whether the accident was reasonably foreseeable. Appellants cite
two cases for this proposition, Mitchell v. Missouri-Kansas-Texas Railroad Co., 786 S.W.2d 659
(Tex. 1990), and Midkiff v. Hines, 866 S.W.2d 328 (Tex. App.--Houston [1st Dist.] 1993, no writ). 
Under these cases, the fact-finder plays a role in the determination of whether a duty exists "when
the evidence does not conclusively establish the pertinent facts or the reasonable inferences to be
drawn therefrom." Mitchell, 786 S.W.2d at 662; see Nabors Drilling, Inc. v. Escoto, 288 S.W.3d
401, 404 (Tex. 2009). Specifically, the fact-finder may be required to resolve disputed facts in cases
"where the risk reasonably to be perceived defines the duty to be obeyed; i.e., where knowledge and
foreseeability are important elements of duty." Mitchell, 786 S.W.2d at 662. However, the material
questions in the duty analysis in this case involve determining whether Andrea Cabrera was on
Spring Ho's premises at the time of the accident and whether Spring Ho released a dangerous agency
onto Key Avenue. As these issues do not concern knowledge or foreseeability, the duty element can
be determined as a matter of law. See id.