# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00384-CV

**Michael Cabrera, Caryn Hooten, and the Estate of Andrea Cabrera, Appellants**

**v.**

**Spring Ho Festival, Inc., Appellee**

**FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT**
**NO. 15,931, HONORABLE WILLIAM BACHUS JR., JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

After exiting the Spring Ho Festival in Lampasas, Texas, Andrea Cabrera was struck by a vehicle on a street adjacent to the festival grounds. She died from her injuries ten days later. Cabrera's parents, Michael Cabrera and Caryn Hooten, and her estate sued Spring Ho Festival, Inc. ("Spring Ho"), the non-profit organization that runs the festival, for negligence and wrongful death. *See* Tex. Civ. Prac. & Rem. Code Ann. § 71.002 (West 2008). Spring Ho filed a motion for summary judgment, arguing on traditional grounds that the evidence conclusively disproved the element of duty and also asserting no-evidence grounds on the elements of cause in fact and foreseeability. The trial court granted summary judgment in Spring Ho's favor. We affirm the judgment of the trial court.

## BACKGROUND

On July 10, 2004, thirteen-year-old Andrea Cabrera attended the Spring Ho Festival in Lampasas, Texas. At approximately 10:00 p.m., she exited the festival grounds to cross Key Avenue, a street adjacent to the site of the festival, in order to reach the lot where she was to be picked up. As she was crossing Key Avenue, she was struck by an SUV driven by Martin Shane Buchanan. She died from injuries resulting from the collision ten days later.

According to the police report of the investigating officer, Charles Montgomery, Buchanan stated after the accident that he had been distracted when "his attention was diverted to the east side of the roadway watching heavy pedestrian traffic." During his own deposition testimony, however, Buchanan denied being distracted, explaining, "The only crowd came after the accident." Further, Officer Montgomery stated that he had found no evidence of such a crowd during his investigation.

According to the contract between Spring Ho and the City of Lampasas regarding use of city facilities for the festival, "Spring Ho shall be provided a right of access to and periodic exclusive use of certain City owned properties, including . . . various City of Lampasas street rights-of way." The contract further provided that the city would make streets around the festival area "available to Spring Ho for use and access during the [festival]," and that "any necessary closure of streets and rights-of-ways, related to the [festival] and its various activities, will be coordinated with and directed by the City Manager." Regarding Key Avenue, J. Benton Floerke, the chairman of the board of directors of the Spring Ho Festival, stated in his affidavit that Spring Ho did not own or occupy Key Avenue at the time of the accident. Rather, the City of Lampasas exercised control over

2

Key Avenue at the time. Further, Officer Montgomery stated during his deposition that Spring Ho could not have placed crossing guards on the street or otherwise controlled the flow of pedestrian traffic on Key Avenue at the time of the accident.

After her death, Cabrera's parents and estate filed suit against Spring Ho for negligence and wrongful death. *See id.* Cabrera's parents alleged that Spring Ho had been negligent in failing to choose a safe location for the festival, failing to provide adequate procedures for the safe ingress and egress of festival attendees, failing to provide adequate on-site parking, and releasing a dangerous agency in the form of a crowd onto the highway, causing the accident to occur. Spring Ho filed a traditional motion for summary judgment arguing that Spring Ho had no duty to Cabrera at the time of the accident and a no-evidence motion arguing that Spring Ho's actions were not the cause in fact of the accident and that Cabrera's injuries were not foreseeable. The trial court granted summary judgment in favor of Spring Ho. Cabrera's parents and her estate now appeal, arguing that they presented sufficient evidence to withstand summary judgment on each of the challenged elements of their negligence claim, including duty, cause in fact, and foreseeability.

## STANDARD OF REVIEW

We review summary judgments de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Traditional summary judgment is proper only when the movant establishes that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). In reviewing a traditional summary judgment, we must indulge every reasonable inference in favor of the nonmovant, take all evidence favorable to the nonmovant as true, and resolve any doubts in favor of the nonmovant. *Id.* A defendant who moves

for traditional summary judgment on the plaintiff's claims must conclusively disprove at least one element of each of the plaintiff's causes of action. *Little v. Texas Dep't of Criminal Justice*, 148 S.W.3d 374, 381 (Tex. 2004).

A no-evidence motion for summary judgment is essentially a directed verdict granted before trial, to which we apply a legal sufficiency standard of review. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003); *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 70 (Tex. App.—Austin 1998, no pet.). In general, a party seeking a no-evidence summary judgment must assert that no evidence exists as to one or more of the essential elements of the nonmovant's claims on which it would have the burden of proof at trial. *Holmstrom v. Lee*, 26 S.W.3d 526, 530 (Tex. App.—Austin 2000, no pet.). Once the movant specifies the elements on which there is no evidence, the burden shifts to the nonmovant to raise a fact issue on the challenged elements. Tex. R. Civ. P. 166a(i). A no-evidence summary judgment will be sustained when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *King Ranch*, 118 S.W.3d at 751. We view the evidence in the light most favorable to the nonmovant, disregarding all contrary evidence and inferences. *Id.*

When the trial court does not specify the basis for its summary judgment, the appealing party must show it is error to base it on any ground asserted in the motion. *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995). The appellate court must affirm the summary judgment if any one of the movant's theories has merit. *Id.*

## DISCUSSION

### *Did Spring Ho Owe a Duty to Andrea Cabrera?*

Andrea Cabrera's parents and estate allege that they are entitled to recover from Spring Ho because of Spring Ho's negligence. To bring a negligence action in Texas, a plaintiff must show (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Nabors Drilling, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). The threshold inquiry in a negligence case is whether the defendant owes a legal duty to the plaintiff. *Centeq Realty, Inc. v. Siegler*, 899 S.W.2d 195, 197 (Tex. 1995). The existence of a duty is generally a question of law for the court, although in some instances it may require the resolution of disputed facts or inferences by the finder of fact. *Nabors*, 288 S.W.3d at 404 (citing *Fort Bend County Drainage Dist. v. Sbrusch*, 818 S.W.2d 392, 395 (Tex. 1991)).

Spring Ho's traditional motion is based on its assertion that it owed no duty to Andrea Cabrera. The duty of a premises owner or occupier to provide protection arises from control of the premises; the duty does not extend beyond the limits of the premises owner or occupier's control. *Dixon v. Houston Raceway Park, Inc.*, 874 S.W.2d 760, 762 (Tex. App.—Houston [1st Dist.] 1994, no writ) (citing *Grapotte v. Adams*, 111 S.W.2d 690, 691 (Tex. 1938)). Accordingly, a person who does not own, occupy, or otherwise control real property cannot ordinarily be held liable for dangerous conditions thereon. *See City of Denton v. Page*, 701 S.W.2d 831, 835 (Tex. 1986); *Dixon*, 874 S.W.2d at 762-63. For example, an owner or occupier of property generally has no duty to insure the safety of persons who leave the property and suffer injury on adjacent roadways. *See Dixon*, 874 S.W.2d at 762-63; *see also Hirabayashi v. North Main Bar-B-Q*, 977 S.W.2d 704, 707-

5

08 (Tex. App.—Fort Worth 1998, no pet.) (holding that restaurant that set up business near busy roadway had no duty to provide means for safely crossing that roadway).

Spring Ho contends that it owed no duty to Andrea Cabrera because the accident did not occur on its premises. It is undisputed that Andrea Cabrera was in the roadway on the 1200 block of Key Avenue at the time of the accident. Spring Ho presented evidence, including the affidavits of Montgomery and Floerke, that Key Avenue was a public thoroughfare controlled by the city at the time of the accident. Spring Ho also presented evidence that, though it had contracted with the city to exercise control over public spaces for the fairgrounds, its agreement did not give it the right to control traffic on Key Avenue or otherwise occupy the roadway. Appellants do not dispute these facts regarding occupation or control of Key Avenue at the time of the accident. Accordingly, we agree with Spring Ho that, under the general rule of premises liability espoused by Texas courts, Spring Ho had no duty to ensure Cabrera's safety as she was crossing Key Avenue. *See Hirabayashi*, 977 S.W.2d at 707.

Appellants argue, however, that this case falls under an exception to the general rule because Spring Ho released a "dangerous agency"—a crowd—onto the roadway. Texas courts have recognized an assumed duty exception that states that the owner or occupier of an adjacent property who creates a dangerous condition on a roadway may be liable even though the defendant had no control of the premises at the time of injury. *See Page*, 701 S.W.2d at 835.[1] This exception,

---

[1] Texas courts have also recognized three other assumed duty exceptions. *See Hirabayashi v. North Main Bar-B-Q*, 977 S.W.2d 704, 707 (Tex. App.—Fort Worth 1998, no pet.) (collecting cases). First, a person who agrees or contracts, either expressly or impliedly, to make safe a known, dangerous condition of real property may be held liable for the failure to remedy the condition. *See City of Denton v. Page*, 701 S.W.2d 831, 835 (Tex. 1986). Second, a lessee who

however, has been limited to cases where an owner negligently releases "an agency that becomes dangerous by its very nature" once upon the roadway. *Hirabayashi*, 977 S.W.2d at 707 (quoting *Naumann v. Windsor Gypsum, Inc.*, 749 S.W.2d 189, 191 (Tex. App.—San Antonio 1988, writ denied)); *see Alamo Nat'l Bank v. Kraus*, 616 S.W.2d 908, 910 (Tex. 1981) (holding that exception applied when wall of building being demolished falls onto city street); *Atchison v. Texas & Pac. Ry.*, 186 S.W.2d 228, 229 (Tex. 1945) (exception when smoke from grass fire drifts across adjacent road); *Golden Villa Nursing Home, Inc. v. Smith*, 674 S.W.2d 343, 350 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.) (exception when nursing home patient with known tendency to wander onto highway darts onto highway and knocks down motorcyclist); *Beaumont Iron Works Co. v. Martin*, 190 S.W.2d 491, 495 (Tex. Civ. App.—Beaumont 1945, writ ref'd w.o.m.) (exception when windowpane falls from building onto adjacent sidewalk).

Spring Ho argues that there is no evidence that it released a dangerous agency onto Key Avenue.[2] In response, the appellants contend that Spring Ho released a dangerous agency in the

---

assumes actual control over a portion of adjacent property also assumes legal responsibility for that adjacent portion, even though none of the adjacent property is included in the lease. *See Wal-Mart Stores, Inc. v. Alexander*, 868 S.W.2d 322, 324 (Tex. 1993). Third, where an obscured danger exists on land directly appurtenant to the land owned or occupied, and where that danger is near a place where invitees enter and exit the landowner's or occupier's property, the owner or occupier owes a duty to those invitees entering and exiting to warn of the danger. *See Renfro Drug Co. v. Lewis*, 235 S.W.2d 609, 615 (Tex. 1950). None of these exceptions applies to the facts of this case.

[2] Though Spring Ho's motion for summary judgment indicates that the evidence "conclusively negates" the element of duty—language comporting with a traditional motion—the motion later states that, on the issue of the assumed duty exception, "Plaintiffs have the burden to come forward with some evidence that (1) there was a crowd, (2) that the crowd was related to the festival, (3) that the decedent was a member of the crowd, (4) that the crowd constituted a dangerous agency, and (5) that the fact decedent was a member of the crowd had some causal nexus with the accident and her ending up on the roadway." The motion goes on to assert, "Plaintiffs' allegation that Defendant Spring Ho released a dangerous agency in the form of a crowd onto the highway and

form of a "crowd" onto the highway, thereby distracting Buchanan and causing the accident, and rely on a statement in Officer Montgomery's police report that indicates that Buchanan's "attention was diverted to the east side of the roadway watching heavy pedestrian traffic." This statement, however, reveals nothing about the activities of these pedestrians or otherwise suggests that the pedestrians constituted "an agency that becomes dangerous by its very nature" once upon the roadway. *Hirabayashi*, 977 S.W.2d at 707. Further, the statement in the police report does not indicate the origin of the purported crowd, and consequently provides no evidence that the pedestrians were related to the festival or "released" by Spring Ho onto the roadway. Accordingly, we agree that the evidence presented by the appellants constitutes no more than a scintilla, and consequently amounts to no evidence that Spring Ho released a dangerous agency onto Key Avenue.

As the summary judgment evidence establishes that there is no genuine issue of material fact as to whether Spring Ho exercised control over Key Avenue at the time of the accident and that the appellants presented no evidence that Spring Ho released a dangerous agency onto Key

that such dangerous agency (i.e., a crowd) caused the incident to occur is wholly without merit. There is no evidence to support such a theory by Plaintiffs." As this language constitutes fair notice to the appellants of the assertion of no-evidence grounds, we treat the motion as a hybrid motion and analyze the assumed duty issue under the no-evidence standard. *See Dear v. City of Irving*, 902 S.W.2d 731, 734 (Tex. App.—Austin 1995, writ denied) (holding that grounds articulated in motion for summary judgment are sufficient if they give nonmovant fair notice of claim being asserted); *see also* Tex. R. Civ. P. 71 ("When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated."). We further note that appellants do not attack Spring Ho's motion as ambiguous on appeal, nor did they challenge the motion by a special exception in the trial court. *See McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342 (Tex. 1993) (stating that "an exception is required should a non-movant wish to complain on appeal that the grounds relied on by the movant were unclear or ambiguous").

Avenue,[3] we conclude Spring Ho owed no duty to Andrea Cabrera. Accordingly, the trial court did not err in granting Spring Ho's motion for summary judgment. *See Star-Telegram*, 915 S.W.2d at 473 (holding that when, as here, trial court does not specify basis for its summary judgment, appealing party must show it is error to base it on any ground asserted in motion).

## CONCLUSION

Because we find no reversible error, we affirm the judgment of the trial court.

_____

Diane M. Henson, Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:   August 20, 2010

_____

[3] Appellants also argue that the determination of whether a duty exists in this case is best left to the finder of fact to determine whether the accident was reasonably foreseeable. Appellants cite two cases for this proposition, *Mitchell v. Missouri-Kansas-Texas Railroad Co.*, 786 S.W.2d 659 (Tex. 1990), and *Midkiff v. Hines*, 866 S.W.2d 328 (Tex. App.—Houston [1st Dist.] 1993, no writ). Under these cases, the fact-finder plays a role in the determination of whether a duty exists "when the evidence does not conclusively establish the pertinent facts or the reasonable inferences to be drawn therefrom." *Mitchell*, 786 S.W.2d at 662; *see Nabors Drilling, Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009). Specifically, the fact-finder may be required to resolve disputed facts in cases "where the risk reasonably to be perceived defines the duty to be obeyed; i.e., where knowledge and foreseeability are important elements of duty." *Mitchell*, 786 S.W.2d at 662. However, the material questions in the duty analysis in this case involve determining whether Andrea Cabrera was on Spring Ho's premises at the time of the accident and whether Spring Ho released a dangerous agency onto Key Avenue. As these issues do not concern knowledge or foreseeability, the duty element can be determined as a matter of law. *See id.*